## *Ex parte*, CHARLES PHILLIPS.

1. HABEAS CORPUS—*Jurisdiction of the Courts.* The Supreme Court has no greater power than the District Court and Probate Court to inquire into the regularity of proceedings upon which a person is restrained of his liberty; and no court can inquire into "the legality of a warrant or commitment" issued from any court of competent jurisdiction, upon an indictment or information, before final trial and judgment.

2. ———— Where an information has been filed in a court having jurisdiction of the offense, the defendant arrested and put upon trial, a jury sworn, and before testimony is offered a juror is withdrawn, the jury discharged, the case continued, and defendant committed for trial at the next term, *held*, no ground for the discharge of defendant by *habeas corpus.*

*Petition for a Writ of Habeas Corpus.*

CHARLES PHILLIPS filed his petition in this court for a writ of *habeas corpus* to be discharged from an alleged illegal imprisonment. The facts as set forth in the petition and record are as follows: An information was filed in the district court of Dickinson county, charging the petitioner with grand larceny. The petitioner plead not guilty. A jury was impanneled and sworn. Before any testimony was offered, on application of the County Attorney, and on the ground of the death of one witness, and the absence of other material witnesses, the court directed the withdrawal of a juror from the panel, the discharge of the jury, and the continuance of the case; and that petitioner, in default of bail, be committed. In pursuance thereof, a commitment was issued, and the petitioner was committed to the jail of Riley county, (there being no sufficient jail in Dickinson county,) to await his trial at the next term of the district court. From such confinement the petitioner now seeks to be discharged.

*H. G. Barner*, counsel for the petitioner, attended at hearing of the application for a writ, and made an oral argument. *A. L. Williams*, Attorney General, appeared on the part of the State, and resisted the motion. No briefs were filed.

*By the Court*, BREWER, J.: The petitioner alleges that he is unlawfully restrained of his liberty, and asks the interposition of this court to release him. Do the petition and the record of the proceedings in the district court present a case which calls for the interposition of this court by *habeas corpus*? This court has original jurisdiction in *habeas corpus* proceedings; but in such cases has no greater power than any other court having jurisdiction in *habeas corpus*, to inquire into the regularity of proceedings upon which a person is restrained of his liberty. It is not every improper, illegal restraint of liberty that can be inquired into on *habeas corpus*. The limits beyond which no court can go, are fixed by statute. Section 671 of our civil code, (Gen. Stat., 763,) reads thus: "No court or judge shall inquire into the legality " of any judgment or process whereby the party is in " custody, or discharge him, when the term of commit-" ment has not expired in ⌄ther of the cases following: "* * * *Fourth:* Upon a warrant or commitment issued " from the district court, or any other court of competent "jurisdiction, upon an indictment or information."

The plain import of this language forbids an inquiry (at this time) into the alleged errors in the proceedings of the district court. An information was filed; it still remains; no verdict or judgment was ever returned, or rendered thereon. If the discharge of the jury has the effect claimed by counsel for petitioner, (and upon that point we express no opinion,) it can be shown upon the trial

4

of the case.   If the judgment of the district court upon this point, and the result of the trial, shall be adverse to the petitioner, he can then present the question regularly to this court on appeal.   As sustaining this construction, see:  *The Commonwealth v. Norton, et al.*, 8 Serg. & Rawle, 71;  *Wright v. The State*, 5 Ind., 290;  *The People v. Ruloff*, 5 Parker's Cr. Rep., 83.

The writ of *habeas corpus* is refused.

All the Justices concurring.