*In the Matter of the Petition of* F. A. ROLFS *for a Writ of Habeas Corpus.*

PETITION by *F. A. Rolfs*, who alleged that he was illegally restrained of his liberty by W. D. Shallcross, marshal of the city of Leavenworth. *H. T. Green, W. Green,* and *J. H. Gillpatrick,* for petitioner; and *H. Miles Moore,* for respondent. Hearing at chambers, before BREWER, J., who filed the following opinion, August 16, 1883:

This is an application in *habeas corpus*, brought by the petitioner, alleging that he is illegally restrained by one W. D. Shallcross, marshal of the city of Leavenworth. The respondent returns that he holds the petitioner in custody by virtue of a commitment issued by the police judge of the city of Leavenworth, reciting a conviction of the petitioner on a charge of locating and maintaining a nuisance, and a sentence to pay a fine of ten dollars and costs. Upon the hearing before me, the facts of the case have been fully developed, and a number of questions presented and argued. As a sufficient statement of the facts, it may be

said that the petitioner was brought before the police judge on a charge of locating and maintaining a nuisance, the particular nuisance complained of being a hog-pen; that upon the calling of the case for trial, he challenged the sufficiency of the complaint, which challenge was overruled. He entered a plea of not guilty, and demanded a trial by jury, which demand was also refused. The case was tried before the police judge, and the petitioner found guilty, and sentenced to pay a fine of ten dollars and costs. All these facts appear on the docket of the police judge. A commitment was issued on the sentence to the city marshal, who placed the petitioner in the city jail, and has since compelled him to work on the public streets. Immediately after the conviction, the petitioner demanded an appeal to the district court, which was refused during the same day. For the purpose of prosecuting proceedings in error in the district court, he tendered a bond to the police judge with sufficient securities, which bond the police judge declined to receive or approve, or in any manner to stay the operation of the sentence.

This states all the facts necessary to present the questions discussed by counsel, and in reference to many of them I have little doubt, and shall simply state in a word the propositions which I think dispose of those questions.

1. Where a party is held under process issued upon any final judgment of a court of competent jurisdiction, the inquiry in *habeas corpus* is limited to the question: Was the judgment void, or has it been stayed, superseded, or otherwise spent its force? No mere errors or irregularities in the proceedings will justify a discharge. (Civil Code, § 671, ¶ 2; *Ex parte Phillips*, 7 Kas. 48; *Ex parte Nye*, 8 id. 100; *In re Scrafford*, 21 id. 735; *In re Petty*, 22 id. 477; *In re Goldsmith*, 24 id. 757.)

2. The police judge has exclusive original jurisdiction over all offenses against the ordinances of the city. (City Charter, § 51.)

3. The city has power to punish any criminal violation of its ordinances, by fine, confinement in the city prison, or

labor on the streets. (Dassler & Shafer's Compilation of City Ordinances, ch. 17, page 132, §§ 417, 418, 419.) These sections are within the powers conferred by art. 3, § 11, ¶ 37, of the act incorporating cities of the first class, passed in 1881, and amended by chapter 34, Laws of 1883, and do not trespass upon any constitutional provision; for it is undoubted that the legislature may punish any criminal violation of its statutes by confinement and hard labor, and may likewise delegate to municipal corporations similar powers in reference to violation of their ordinances. (1 Dillon on Mun. Corp., 3d ed., §§ 411, 428, with authorities cited in the notes.)

4. The keeping of a hog-pen may be a nuisance; and as such a violation of criminal law, one which was punishable as a nuisance at the common law, and is punishable under our statutes. (Stephens's Nisi Prius, §§ 2359, 2363; City Charter, § 11, ¶ 11.)

5. Said ¶ 11 authorizes the city council "to make regulations to secure the general health of the city, to prevent and remove nuisances, and to make, prescribe and enforce regulations for the clearing and keeping in order of all slaughter houses, or other places where offensive matter is kept or permitted to accumulate." Under this grant of power the city council may provide for punishment by fine and imprisonment of any party guilty of a nuisance, which, like the keeping of a hog-pen, may be dangerous to the public health. (1 Dillon on Mun. Corp., 3d ed., §§ 375, 376, and cases cited in the notes.)

Passing by these general propositions, which to my mind are clear, and which dispose of many of the questions discussed by counsel, I come to the only matter which presents any difficulty or causes me any embarrassment. That question may be thus stated: The constitution in its bill of rights, § 5, provides that "the right of trial by jury shall be inviolate"; and § 10, that "in all prosecutions the accused shall be allowed to appear and defend in person, or by counsel; to demand the nature and cause of the accusation against him; to meet the witness face to face, and to have compulsory

process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." Again, the maintaining of a public nuisance, which is of a character to endanger the public health, is a criminal act, and a prosecution therefor is a prosecution for a criminal offense, and not a proceeding to collect a debt or for the enforcement of a mere municipal regulation, and therefore is to be controlled by the ordinary rules concerning criminal prosecutions. ( *Neitzel v. City of Concordia*, 14 Kas. 446.)

Again, the city charter, § 53, authorizes summary trials by the police judge, without a jury, of all violations of city ordinances; and by § 60 denies an appeal unless the fine assessed exceeds $20, or the imprisonment one month. Hence the petitioner, having been fined only $10, has, notwithstanding his demand for a public trial by an impartial jury of the district, been convicted of a criminal offense, and punished in defiance of the constitutional guaranty. Can such a judgment be sustained? Was he constitutionally entitled to a jury? If so, was the deprivation of this constitutional right a mere irregularity, which did not avoid the judgment and is not subject to review in *habeas corpus?* In the case of *The City of Emporia v. Volmer*, 12 Kas. 622, it was held by the supreme court that a summary trial without a jury in a municipal court could be sustained if the defendant had an appeal, clogged by no unreasonable restrictions, to an appellate court in which he had a right of trial by jury. That is as far as the decisions in this state have gone. But the claim is now made that a party may be subjected to a summary trial before a police judge for a violation of a city ordinance involving an act of a criminal nature, without any appeal to a higher court; and this notwithstanding the constitutional guaranty of a public trial by an impartial jury of the district where the offense is charged to have been committed.

I cannot assent to this claim; and while I may not be able in the brief time at my command to state all the reasons which

control my judgment, I shall endeavor to state some of the more important. The constitutional provision that the right of trial by jury shall be inviolate, is common to many constitutions, and has received frequent interpretations. It means that a jury trial is preserved in all cases in which it existed prior to the adoption of the constitution. It does not extend the right of trial by jury—it simply preserves it. It remains inviolate; that is, not disturbed or limited. Where this is the only provision, as in some constitutions, summary convictions in petty offenses without appeal have been sustained; and this upon the theory that at common law, or in the state prior to the adoption of the constitution, such convictions were authorized. See specially the case of *Byers v. The Commonwealth,* 42 Pa. St. 89, in which is a very clear and forcible discussion of the subject by Strong, judge. But our constitution contains the further provision that *in all prosecutions* the accused shall be entitled to a speedy public trial by an impartial jury. Now the Pennsylvania constitution reads that in a prosecution by indictment or information, the accused shall be entitled to a speedy public trial by an impartial jury; and of a similar import is the provision in other constitutions. Obviously this restricts the right of jury trial to cases which at common law were prosecuted by indictment or information, and these, as is well known, were offenses of the higher grade, while ordinary petty offenses were tried upon a simple complaint. Such a constitutional provision is not as broad as ours, which says *in all prosecutions.* I know that there is to-day much hostile criticism on juries, a criticism intensified by the not infrequent failure of juries to ignore prejudice and respond to the demands of absolute justice.

But whatever theories I may have individually as to the propriety of jury trials, or what notions I may have of the wisdom of the system, I may not as an officer of the law disregard its plain provisions. *Ita lex scripta est,* is as to a judge the beginning and the end, the alpha and omega of official duty. I find in the constitution a guaranty of a jury trial *in*

*all prosecutions.* That constitution is the organic law, binding upon legislatures and courts, overriding all conflicting statutes, and is the final rule and measure of rights and powers. That which a legislature may not do directly, it may not do indirectly. It may not deprive a party charged with a criminal act of his constitutional right to have the truth of that charge determined by an impartial jury of the district. It cannot subject a party to trial before a justice of the peace on a criminal charge without a right of trial by jury, either there or on appeal. No more can it authorize a municipal corporation, one of its creations, to punish a party for a criminal matter without in some way securing to him a jury trial. So long therefore as the fundamental law contains the guaranty which it does, I think no party can be subjected to a prosecution for an act of a criminal nature, whether that prosecution be brought by the state directly, or any corporation created by the state, without in some way and before some tribunal being secured an opportunity of having the truth of that charge inquired into by an impartial jury of the district.

A distinction should be noticed here. A prosecution which involves nothing of a criminal nature, as for instance where one is charged with acting as an auctioneer, without a license, in violation of a city ordinance, (such an ordinance being a mere municipal regulation,) is not a criminal offense in the true legal sense of the term. As to such proceedings, the constitutional guaranty may not be applicable; but where the charge is of an act like the one at bar, criminal at common law, criminal in its nature, and an offense against the public, the constitutional guaranty is applicable and cannot be ignored or disregarded. In 1 Dillon on Municipal Corporations, 3d ed., § 433, the author thus clearly states the distinction I have been suggesting:

"One of the questions which most frequently arises is whether the defendant is entitled to a trial by jury, and the cases on this subject cannot all be reconciled. The general

principles applicable to its solution, however, are plain. Violations of municipal by-laws proper, such as fall within the description of municipal police regulations, as for example, those concerning markets, streets, water works, city offices, etc., and which relate to acts and omissions that are not embraced in the general criminal legislation of the state, the legislature may authorize to be prosecuted in a summary manner by and in the name of the corporation, and need not provide for a trial by jury. Such acts and omissions are not crimes or misdemeanors to which the constitutional right of trial by jury extends."

And again: .    `

" Where the act or omission sought to be punished by imprisonment under a municipal ordinance is in its nature not peculiarly an offense against the municipality, but rather against the public at large, where it falls within the legal or common-law notion of a crime or misdemeanor, and especially where, being of such a nature, it is embraced in the criminal code of the state, there the constitutional guaranties intended to secure the liberty of the citizen and the right to a trial by jury cannot be evaded by the nature of the powers vested in the municipal corporation, or the nature of the jurisdiction conferred upon the municipal courts."

But the question now occurs whether the defendant is by the statute denied an appeal to the district court. There is certainly no express denial; but it is claimed that no appeal is given, and therefore that the summary conviction before the police judge is final. Section 60 of the charter provides that "in all cases before the police judge wherein the fine assessed exceeds $20, or the imprisonment one month, an appeal may be taken by the defendant." This is the single provision of the charter in respect to appeals. By implication, and upon the rule *expressio unius, exclusio alterius,* it is contended that an appeal in a case like the one at bar is denied, the fine being under $20.

Conceding this to be a fair construction of the section if there were nothing else touching on the matter, yet as such a construction would overthrow some of the powers conferred

by other sections of the charter upon the police judge, it is therefore to be avoided if possible. I think a way of escape from the difficulty may be found without resorting to any judicial legislation. Section 65 provides that "in all cases *not specifically herein provided for, the process and proceedings shall be governed by the laws regulating proceedings in justices' courts in criminal cases.*" Now there is no specific provision in the city charter concerning appeals in cases where the fine is $20 or less. They are neither in terms granted nor denied. The only denial claimed is one by implication, and from the silence of the charter. There being no specific provision, I think we may fairly look to the statute concerning proceedings in justices' courts in criminal cases. Here we find appeals allowed, but under somewhat different conditions, and in that respect establishing a different rule from that prescribed by the charter in the cases to which it applies. That statute controls this case, provides an appeal, and under the rule laid down in *City of Emporia v. Volmer*, 12 Kas. 622, sustains the validity of the powers conferred upon the police judge. I think therefore without any judicial legislation it can properly be held that the petitioner was entitled to an appeal; and if entitled to an appeal, and if he has taken the proper steps to secure such appeal, the judgment and sentence must be held to have been vacated, and he thereafter improperly held in custody. It is true the testimony fails to show that an appeal bond was tendered within time, but as an appeal was formally denied by the police judge, I think the petitioner should not be prejudiced by such omission, providing one be tendered immediately.

My conclusion therefore is, that the petitioner is entitled to a discharge, upon tendering an appeal bond with sufficient securities, conditioned according to the requirements of the justices act, in criminal cases. The conclusion which I have announced has been reached with some embarrassment and considerable doubt; and if the city desires to have the opinion of my associates on the supreme bench, the question will be

*In re* Rolfs, *Petitioner.*

reserved for their consideration at the ensuing September term, and the case continued for final order until after its adjournment, the petitioner, in the mean time, being required to give his personal recognizance to appear at such time, and abide the further order.