*In the matter of the Petition of* JOHN T. TILLERY *et al., for a Writ of Habeas Corpus.*

GRAND JURY, *Legally Impaneled — Old Law — New Law.* In February, 1889, and under chapter 167 of the Laws of 1887, a grand jury were regularly ordered, drawn, and summoned. On March 8, 1889, a new act took effect, (Laws of 1889, ch. 153,) which provided in substance, among other things, that no grand jury should be ordered, drawn, or summoned, except "when a petition signed by one hundred of the tax-payers of the county, praying for said grand jury, shall be presented to the judge of the district court of said county at least twelve days before the commencement of the term of court at which such grand jury may be desired by said petitioners." The old law was repealed. The only new thing in the new law was the requirement that a petition as above mentioned should be presented to the judge before he ordered the grand jury. In less than twelve days after the taking effect of the new law, and indeed within ten days thereafter, and on March 18, 1889, the district court convened, and on the next day the grand jury previously drawn and summoned were impaneled and sworn, and served as a grand jury. *Held,* Under § 1 of the act relating to the construction of statutes, that the proceedings in ordering, drawing and summoning the grand jury which took place

before the taking effect of the new act were not destroyed by the taking effect of such act; and that the grand jury impaneled and sworn after the taking effect of the new act were a legal and valid grand jury.

### Original Proceeding in Habeas Corpus.

PETITION of *John T. Tillery* and others, filed in this court on January 2, 1890. The opinion herein, filed on February 8 following, contains a substantial statement of the facts.

*Oscar Foust,* for petitioners.

*H. A. Ewing,* and *C. E. Benton,* for respondent.

The opinion of the court was delivered by

VALENTINE, J.: This is a proceeding in *habeas corpus,* brought originally in this court by John T. Tillery, Carey Crisler, Richard C. Mattox, Jesse Ford, Calvin Ford, and J. W. Drake, wherein it is set forth that D. D. Britton, the sheriff of Allen county, is unlawfully restraining the petitioners of their liberty. The sheriff makes return that he is holding each of the petitioners under a state warrant issued from the district court of Allen county upon an indictment charging each of the petitioners with the commission of the crime of murder. Both the warrant and the indictment appear to be regular and valid; but the petitioners claim that the grand jury who found and returned the indictment were not legally impaneled, and were not in fact a grand jury, and therefore that the imprisonment of the petitioners upon such indictment is unlawful. The facts appear to be substantially as follows: On February 4, 1889, and in accordance with the laws of Kansas as they then existed, (Laws of 1887, ch. 167,) a grand jury were regularly ordered and drawn, and were afterward summoned to attend the March term of the district court of Allen county, which was to convene on March 18, 1889. Afterward, and on February 27, 1889, a new act relating to grand juries was passed by the legislature, which act took effect on March 8, 1889. (Laws of 1889, ch. 153.) Aft-

erward, and on March 18, 1889, the district court of Allen county convened in regular session, and on the next day the grand jury previously drawn and summoned for such term were impaneled and sworn, and commenced to serve as a grand jury. On March 30, 1889, such grand jury returned the indictment aforesaid, charging the petitioners with the offense of committing murder in the first degree. On April 1, 1889, the warrants were issued under which the petitioners are now held in custody. The new act purports to be an amendment of § 1 of the old act, and repeals §§ 1 and 4 of the old act by the use of the following words:

"SEC. 2. Sections one and four of chapter one hundred and sixty-seven of the Session Laws of 1887 be and the same are hereby repealed."

The grand jury were regularly ordered, drawn, summoned, impaneled and sworn, as provided by the old act, and they were also regularly ordered, drawn, summoned, impaneled and sworn as provided by the new act, except that there was no petition filed or presented to the district judge praying for a grand jury, as the new act requires. Under the new act a grand jury is never ordered, drawn, or summoned, *except* "when a petition signed by one hundred of the tax-payers of the county, praying for said grand jury, shall be presented to the judge of the district court of said county at least twelve days before the commencement of the term of court at which such grand jury may be desired by said petitioners." Such a petition was never presented to the judge of the district court in this case, and indeed could not have been under any statute, for the new act did not take effect twelve days before the commencement of that term of court, and the old act did not require any such petition; and for the reason that no such petition was presented, and for no other reason, it is now claimed by the petitioners that all of the proceedings connected with or relating to the grand jury were and are utterly null and void. On the other side, and by the state of Kansas, it is claimed that all the proceedings in ordering, drawing,

summoning, impaneling and swearing the grand jury, and their finding and returning the indictment and the issuing of the warrant and the imprisonment of the petitioners thereon, were and are wholly and entirely legal and valid, for the following reasons: Each and all of these proceedings, events, occurrences, or whatever they may be called, were each severally legal and valid at the time when they each took place and were each in conformity to the laws of Kansas which were in force when each took place, and the change in the laws during the time while they were taking place did not invalidate or render void any of them; and the state, in support of this claim, refers among other things to § 1 of the act of the legislature concerning the construction of statutes, which act was passed in 1868, and is still in force, and provides among other things as follows:

"SECTION 1. In the construction of the statutes of this state, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute:

*First.* The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced under or by virtue of the statute repealed. The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment."

This and similar statutes have often been construed by the supreme court. See the following cases: *Gordon v. The State*, 4 Kas. 489; *Willetts v. Jeffries*, 5 id. 473; *Bowman v. Cockrill*, 6 id. 327; *Gilleland v. Schuyler*, 9 id. 569; *The State v. Boyle*, 10 id. 113, 116, 117; *Morgan v. Chapple*, 10 id. 224; *The State v. Crawford*, 11 id. 32; *City of Troy v. A. & N. Rld. Co.*, 11 id. 519, 531; *Jenness v. Cutler*, 12 id. 511, 512; *In re Petty*, 22 id. 477, 481, 487, 488; *Assurance Society v. Welch*, 26 id. 632, 640, 641; *Jockers v. Borgman*, 29 id. 109, 112, 113; *Board of Regents v. Linscott*, 30 id. 240, 260, 261; *The State v. Comm'rs of Butler Co.*, 31 id. 460; *The State v. Showers*, 34 id. 269, 270, 271.

It would seem that the word "proceeding" as used in the statute relating to the construction of statutes is broad enough to include any proceeding; and it is certainly broad enough to include any proceeding of a judicial or official character. It would seem that it should include the proceedings of any court, or any official board, or any officer, and there is some room for a claim that it might include still other proceedings. In the case of *Gordon v. The State*, 4 Kas. 489, it was held by the supreme court in construing a similar statute that the word would not apply to county-seat proceedings, and the decision in that case was followed, though reluctantly, in the case of *The State v. Comm'rs of Butler Co.*, 31 Kas. 460.    There is no other decision in Kansas that attempts to limit the signification or meaning of the word "proceeding."    In the case of *Bowman v. Cockrill*, 6 Kas. 327, the supreme court, in construing §113 of chapter 118 of the Laws of 1866, used the following language, to wit:

"Section 113 of this new act contains a saving clause which reads as follows: 'All proceedings, titles, etc., not completed at the time of the taking effect of this act, shall be carried to final determination and execution according to the laws in force under which they originated.'    The case of *Gordon v. The State, ex rel.*, 4 Kas. 489, referred to by the plaintiff below, has no application in this case.    The word 'proceedings' in the statute referred to in that case, (Comp. Laws, 838,) may mean judicial proceedings; but the word 'proceedings' in said saving clause undoubtedly means tax proceedings, the same as it does in that clause of §10 of chapter 198, (Comp. Laws, 878,) which reads as follows: 'Such deed duly witnessed and acknowledged shall be *prima facie* evidence of the regularity of such *proceedings,* from the valuation of the land by the assessor inclusive, up to the execution of the deed.' "

The legislature of Kansas has often used the word "proceedings" in a manner to show that it meant tax proceedings. And the very same legislature that passed the above-mentioned act of 1868, concerning the construction of statutes, also passed an act concerning assessment and taxation, in which act it used the word meaning tax proceedings. (Gen. Stat. of 1868, ch. 107, §112.)    In the case of *Morgan v. Chapple*, 10 Kas.

224, it is held that the word "proceeding" as used in the act relating to the construction of statutes, applies to mechanics' liens filed. In the case of *Troy v. A. & N. Rld. Co.*, 11 Kas. 531, it is held that the statute applies to city ordinances, and in such case the following language is used:

"Since the decision in *Gordon v. The State*, 4 Kas. 489, the legislature has established a new rule as to the effect of changes in the statutes. The last sentence of the first paragraph of §1 of chapter 104, Gen. Stat. 999, reads: 'The provisions of any statute, so far as they are the same as of those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment.'"

In the case of *Assurance Society v. Welch*, 26 Kas. 632, 640, 641, it is held under the foregoing statute as follows:

"Proceedings commenced by a life insurance company to obtain the right to discontinue its business in the state of Kansas, and to withdraw its securities from the state treasury, commenced under §20 (of the insurance act) before it was amended in 1881, are not destroyed or obliterated by the amendment of the section, and by the repeal of the original section; but the proceedings are as valid as though no repeal had been had."

In the case of *Board of Regents v. Linscott*, 30 Kas. 240, 260, 261, it is held under the foregoing statute that the change of the boundary-lines of counties will not invalidate tax proceedings already commenced.

It is admitted by the petitioners and their counsel that the word "proceeding" as used in the statute relating to the construction of statutes will include a judicial proceeding. Now is not the ordering, drawing and summoning of a grand jury a judicial proceeding? No grand jury could be drawn under the old law, and none can be drawn under the present law, except upon the order of the judge of the district court. The grand jury must attend the court, and all their proceedings and business has an intimate connection with the court. The ordering, drawing, summoning and impaneling of a grand jury are a portion of the proceedings provided for by law whereby criminal prosecutions are commenced in the district

*In re* Tillery, *Petitioner.*

court, and it would certainly seem fair to call them judicial proceedings. The petitioners we suppose would answer, that they are not proceedings connected directly with their particular cases. But this we think does not make any material difference. They are nevertheless proceedings, and judicial proceedings; and the statute does not require that they should be connected directly with any particular case or cases. And further, they were valid when they took place, and we think they are valid still. In this connection we might state that the statute does not say that no grand jury shall be impaneled or sworn unless the petition above mentioned has first been presented to the judge of the court; it simply says in substance that no grand jury shall be ordered, drawn, and summoned, unless such a petition has first been presented. Now the or-

Grand jury, legally impan- eled—old law —new law.

dering, drawing and summoning of the grand jury had already been done, and legally done, before the statute took effect, and we do not think that the taking effect of the statute had the effect to overturn or destroy what had already been done. The new statute could not have been complied with in the present case at all. It took effect only ten days before the court convened, while under it the petition must be presented to the judge at least twelve days before the court convenes. We do not think that the statute was intended to be retroactive in its operation. Suppose that the statute had not taken effect until after the grand jury had been impaneled and sworn : would the taking effect of the statute then have destroyed the grand jury ? Or suppose that the statute had not taken effect until after the indictment found in the present case had been returned and filed in the court: would the taking effect of the statute at that time have invalidated the indictment ? We do not think that the change in the statute in the present case affected the grand jury in the least.

This proceeding will be dismissed, and the petitioners remanded to the custody of the sheriff.

JOHNSTON, J., concurring.

HORTON, C. J., dissenting.