John H. Lawson v. The Board of Commissioners of Reno County *et al.*

County Auditor, *When.* After chapter 87 of the Laws of 1891 was passed and took effect, there could be no such officer as county auditor in any county with less than 45,000 inhabitants, except in Leavenworth county.

### Original Proceeding in Mandamus.

This case is sufficiently stated in the opinion, filed at the session of the court in November, 1891.

*Swigart, Martin & Crawford,* and *Whiteside & Gleason,* for plaintiff.

*C. M. Williams,* for defendants.

The opinion of the court was delivered by

Valentine, J.: This was an action of *mandamus* brought originally in this court on June 11, 1891, by John H. Lawson against G. M. Zimmerman, W. P. D. Flemming, and William Potter, the board of county commissioners, and S. J. Morris, the county clerk, and J. M. Anderson, the county treasurer, of Reno county, to compel the defendants to recognize the plaintiff as the county auditor of Reno county. The General Statutes of 1889 contain an article, No. 13, divided into paragraphs or sections numbered from 1840 to 1859, under which the plaintiff claims that he is and has been since April 30, 1890, the duly-appointed and qualified county auditor of Reno county. In March, 1891, the following act of the legislature, being chapter 87 of the Laws of 1891, was passed, approved, and published, as follows:

"Section 1. That section 1840 of the General Statutes of Kansas of 1889 be amended so as to read as follows: Section 1840. That in all counties containing over 45,000 inhabitants there shall be appointed by the district court of the judicial district in which such county is located, one person, who shall have the qualifications of an elector, and who shall be styled

county auditor, and who shall hold his office for the period of two years, unless sooner removed by the appointing power, for cause, according to existing laws, and if so removed, the cause thereof shall be made part of the record of the board of county commissioners: *Provided,* That for the purposes of this act, Leavenworth county shall be deemed to have over 45,-000 inhabitants, and the office of county auditor is retained in that county.

"SEC. 2. Section 1840 of the General Statutes of 1889 be and the same is hereby repealed.

"SEC. 3. This act shall take effect and be in force from and after its publication in the official state paper.

"Approved March 10, 1891.

"Published in the official state paper March 20, 1891."

The original section (1840) was the same as the new section (1840) except as follows: In the original section the words "twenty-five" occurred where the words "forty-five" occur in the new section; the word "embraced" occurred in the old section where the word "located" occurs in the new, and the original section did not contain the proviso appended to the new. It is admitted that Reno county contains 25,000 inhabitants, but that it does not contain 45,000 inhabitants. It is claimed by the defendants that, admitting for the purposes of this case that the plaintiff would be county auditor of Reno county except for said chapter 87 of the Laws of 1891, still that in that case said chapter 87 abolished the office of county auditor in Reno county, and in all other counties of less than 45,000 inhabitants, except in Leavenworth county, and that as the office itself is abolished no one could fill the same; while the plaintiff claims that, under the general saving clause contained in ¶6687 of the General Statutes of 1889, he will retain the office for two years from the time when he first took the same, or up to April 30, 1892. Said saving clause reads as follows:

"The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed. The provisions of any statute, so far as they are the same as those

of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment."

The most of the decisions of this court construing this saving clause will be found cited in the case of *In re Tillery*, 43 Kas. 188, 191. We do not think that this saving clause has the effect to continue the plaintiff in office. He has no vested right in the office or in anything pertaining thereto; (*Harvey v. Comm'rs of Rush Co.*, 33 Kas. 159; *In re Hinkle*, 31 id. 712;) and the statute passed in 1891 clearly shows that the legislature intended to abolish the office at once. It provided that the act of 1891 (and this means the whole of the act) should take effect and be in force from and after its publication in the official state paper, and provided that § 1840 of the General Statutes of 1889, the section under which the plaintiff claims his office, should be repealed; and the repeal seems to be absolute and to take effect at once; and by the *proviso* the legislature declared that in Leavenworth county the office of county auditor should be "retained," indicating by the strongest of implications that it was the intention of the legislature that in every other county with less than 45,000 inhabitants the office of county auditor should be immediately abolished. This seems to be clear beyond all question.

The writ of *mandamus* prayed for in the present case will be denied, and judgment will be rendered in favor of the defendants and against the plaintiff for costs.

All the Justices concurring.