## *In re* W. T. McElroy.

**No. 553.**   (58 Pac. 677.)

HABEAS CORPUS—*Indictment*—*Irregularities in Grand Jury.*
Defects or irregularities in the calling, drawing or summoning of
a grand jury cannot be inquired into in *habeas corpus* proceed-
ings instituted for that purpose by the party indicted.

Original proceeding in *habeas corpus.* Opinion
filed October 19, 1899. Petitioner remanded.

*Oscar Foust & Son, Ewing & Savage,* and *A. H. Camp-
bell,* for petitioner.

*G. R. Gard,* county attorney, *S. A. Gard,* and *G. A.
Amos,* for respondent.

The opinion of the court was delivered by

MILTON, J.: Petitioner was arrested under a war-
rant following an indictment charging violations of the
prohibitory law, and now asks a discharge from the
custody of the sheriff of Allen county by this proceed-
ing in *habeas corpus,* for the following reasons :

(1) That the names of four of the grand jurors who
found the indictment, during the November, 1898, term
of the district court of Allen county did not appear on
the assessment rolls of the year 1897 in said county,
the same being the year preceding the calling of the
grand jury ; (2) that one of the members of the grand
jury was not a qualified elector of the state of Kansas ;
and (3) that two other members of the said grand
jury, who were appointed by the court instead of two
who had been regularly drawn and who were dis-
charged for cause, were not qualified to act as grand
jurors for the reason that they were each over sixty
years of age.

The controlling question in this case concerns the matter of the jurisdiction of this court in the premises. Section 671 of the code (Gen. Stat. 1897, ch. 96, § 91; Gen. Stat. 1899, § 4975) provides, in relation to proceedings in *habeas corpus*, as follows :

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following : . . . Fourth, upon a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information."

This provision was considered in the case of *Ex parte Phillips*, 7 Kan. 48, wherein it appears that the petitioner was charged by information with grand larceny, and after a jury was impaneled and sworn, but before any testimony was offered, the court, for sufficient cause shown, directed the withdrawal of a juror from the panel, the discharge of the jury, and the continuance of the case, and that the petitioner, in default of bail, be committed ; and that thereupon a commitment was issued and the petitioner committed to jail, to await his trial at the next term of the district court. In denying its jurisdiction to inquire into the legality of the imprisonment of the petitioner, the court in the syllabus of its opinion said :

"The supreme court has no greater power than the district and probate court to inquire into the irregularity of proceedings upon which a person is restrained of his liberty ; and no court can inquire into the 'legality of a warrant of commitment' issued from any court of competent jurisdiction upon an indictment or information before final trial and judgment."

In *Ex parte Twohig*, 13 Nev. 302, it was held that a court is not authorized in a *habeas corpus* proceeding to inquire into the question of fact as to whether or

not an indictment, regular on its face, was ever found by a grand jury. And in *Ex parte Springer*, 1 Utah, 214, it was decided that the question as to the alleged illegality of the grand jury which found the indictment could not be considered in such a proceeding. In the case of *State, ex rel. Betts, v. McClay, Sheriff*, 54 N. W. (Neb.) 524, one paragraph of the syllabus reads :

"Defects or irregularities in the calling, drawing or summoning of the grand juries cannot be considered on *habeas corpus*."

In *Ex parte Warris*, 28 Fla. 371, 9 South. 718, it was held that "Defects or irregularities in the selection of the lists of registered voters from which grand jurors are drawn, or in drawing grand juries, cannot be inquired into through a writ of *habeas corpus* by the party indicted."

Many other authorities similar in principle might be cited, but we think the foregoing sufficient to make it clear that this court is without jurisdiction to inquire into the alleged illegality of the commitment whereby the petitioner is held in the custody of the sheriff.

We do not regard the decision of the supreme court in the case of *In re Tillery*, 43 Kan. 188, 23 Pac. 162, as controlling upon the question before us, as it does not appear that the jurisdiction of that court in the premises was challenged. The writ heretofore granted will be quashed and the petitioner remanded to the custody of the sheriff of Allen county.