No. 20,427.

## *In re* ED MCKENNA, *Petitioner.*

### SYLLABUS BY THE COURT.

1. LIQUOR LAWS—*Information—Fails to State Public Offense.* Under the intoxicating liquor law of this state, an information charging one with unlawfully selling "certain liquids," without in any way charging that the liquids sold were spirituous, malt, vinous, fermented or intoxicating liquors, does not state an offense.

2. HABEAS CORPUS — *Defective Information — Habeas Corpus Improper Remedy.* A writ of habeas corpus will not issue to release one from the custody of an officer who holds the petitioner under a warrant issued on an information which does not state any offense under the laws of this state, where by amendment the information can be made to state an offense and where the petitioner asks no relief of any kind of the court in which the information is filed.

Original proceeding in habeas corpus. Opinion filed January 8, 1916. Writ denied.

*C. V. Ferguson,* and *E. J. Dierks,* both of Wichita, for the petitioner.

*L. C. Kelley,* of Newton, for the respondent.

The opinion of the court was delivered by

MARSHALL, J.: This is an original proceeding in habeas corpus. The petition for the writ alleges that the petitioner is restrained of his liberty by the sheriff of Harvey county upon

a warrant issued out of the district court of that county on an information filed in that court charging—

"That on the 12th day of October, 1915, at the City of Newton, County of Harvey, and State of Kansas, said defendant, Ed McKenna, did then and there unlawfully sell and barter certain liquids, to wit, 'Temp-Brew' the said 'Temp-Brew' being an imitation of beer, having the color of beer, foaming like beer, having a slight smell like beer, and that at the time of said sale the said Ed McKenna drew or pumped said 'Temp-Brew' from a cask or half-barrel and that said cask or half-barrel resembled a beer keg, and that said 'Temp-Brew' when drawn from said cask or barrel into a glass resembled beer."

1. The information is defective in that it does not charge that the liquors sold were either spirituous, malt, vinous, fermented or intoxicating liquors. The addition of either one or all of these words to the information will make it sufficient to sustain a judgment of conviction. We have no statute prohibiting the sale of liquors that are imitations of beer, that have the color of beer, that foam like beer, that smell like beer, or that are sold in a manner similar to that in which beer is sold. An information under the intoxicating liquor law of this state must charge an offense named in the statute.

2. This court will not release, on habeas corpus, one who is held under a warrant issued on an information that does not charge any offense, before an application of any kind is presented to the court issuing the warrant. Many informations are defective and must be amended before the defendant can be properly placed on trial on the charge attempted to be set out therein, but habeas corpus is not the means resorted to for the purpose of protecting the defendant. Subdivision 4 of section 699 of the code of civil procedure prohibits habeas corpus where the one applying for the writ is held on a warrant issued on an information. (*Ex parte, Charles Phillips,* 7 Kan. 48; *In re Scrafford, Petitioner, etc.,* 21 Kan. 735, 747; *In re Gray,* 64 Kan. 850, 68 Pac. 658; *In re Terry,* 71 Kan. 362, 80 Pac. 586; *In re McElroy,* 10 Kan. App. 348, 58 Pac. 677.)

We do not assume that the district court will hesitate to quash this information on proper application. If the information is not then amended under section 72 of the code of criminal procedure we assume that the petitioner will be discharged. This protects the rights of the petitioner and gives effect to section 699 of the code of civil procedure.

The writ is denied.