No. 25,303.

*In re* MAX WHEATLEY, FRANK SMITH, and JACK SMITH, *Petitioners*.

SYLLABUS BY THE COURT.

HABEAS CORPUS—*Petitioner Held Under Order of Court After Verdict of Guilty —May Not Be Released by Proceedings in Habeas Corpus.* A writ of habeas corpus will not issue to release one from the custody of the sheriff who holds the petitioner under an order of court issued after a verdict of guilty of an attempt to commit robbery, on an information which charged robbery from the person but did not set out the value of the property taken and no evidence was introduced to prove any value.

Original proceeding in habeas corpus. Opinion filed November 10, 1923. Writ denied.

*C. B. Little, John T. Little,* both of Olathe, and *Louis R. Gates,* of Kansas City, for the petitioners.

*Charles B. Griffith,* attorney-general, and *Charles W. Gorsuch,* county attorney, for the respondent.

The opinion of the court was delivered by

MARSHALL, J.: The petitioners apply for a writ of habeas corpus to release them from the custody of the sheriff of Johnson county who holds them under an order of court issued on a verdict of a jury convicting them of attempted robbery.

The information charged that the petitioners "did . . . unlawfully, feloniously take from the person of Virgil Benton and from the person of Roy Russell, and against their will, by putting

the said Virgil Benton and Roy Russell in fear of some immediate injury to their person, two leather bill books, one from the person of Virgil Benton and one from the person of Roy Russell . . . being the personal property of and belonging to the said Virgil Benton and Roy Russell." The information did not allege, and there was no evidence to prove, that the bill books had any value.

The abstract does not show that the petitioners attacked the information in any way before the trial. At the beginning of the trial, they objected to the introduction of any evidence for the reason that the information did not charge a public offense. At the close of the evidence, they moved that the court discharge them for the following reason: "That the state of Kansas has failed to prove the ownership of the property alleged to have been taken or its value." Other reasons were alleged. The court held that the information did not charge robbery, nor the evidence prove robbery, but that the information did charge, and the evidence did tend to prove, an attempt to commit robbery, and instructed the jury accordingly. A verdict of guilty of attempting to commit robbery was returned by the jury. After the verdict had been returned, the petitioners moved that the verdict be set aside and that they be discharged.

The statute under which they were prosecuted, section 3443 of the General Statutes of 1915, reads as follows:

"Every person who shall be convicted of feloniously taking the property of another from his person or in his presence, and against his will, by violence to his person or by putting him in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree."

The statute says nothing about the value of the property taken. Under this statute, the value of the property is wholly immaterial so long as the thing taken is property. A watch is property. It may be old and worn and of no value, but still it is property. One who would take such a watch from the person of another under the circumstances described in section 3443 of the General Statutes would be guilty of robbery under that statute, although the watch taken might not be of any value.

The petitioners rely on *The State v. Segermond,* 40 Kan. 107, 19 Pac. 370, where this court said:

"An information for robbery which describes the property as 'twenty-five dollars in money, the property of John Bond,' and without any allegation of its value, or any excuse for want of greater particularity, is fatally defective." (Syl.)

*In re* Max Wheatley, *Petitioner.*

One of the objections to the information in that case was that it did not describe the property with sufficient particularity to identify it so as to inform the defendant of the property which he was charged to have taken. That case cites a number of decisions where indictments or informations charging larceny failed to give the value of the property. In this state, an information charging grand larceny must allege the value, because our statute fixes $20 as the value of property separating misdemeanors from felonies. Under section 3443 of the General Statutes of 1915, value is immaterial so long as the thing taken is property. When property is described, the statute is satisfied.

Another principle relied on by the petitioners is that under section 3329 of the General Statutes of 1915, no person can be convicted of an attempt to commit a crime when it is shown that the crime intended was committed. That section reads:

"No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person at the time of such assault, or in pursuance of such attempt."

The evidence in this case showed that the crime attempted was committed. The court should have so instructed the jury. It probably was error not to do so, but the petitioners cannot raise that question in this kind of a proceeding.

The information was sufficient to give the court jurisdiction to try the defendants. It may have been defective, but it could have been amended. The evidence satisfied the jury and was sufficient to warrant the verdict. The sufficiency of the information or of the evidence cannot be raised in a proceeding in habeas corpus. The petitioners have not been sentenced because sentence has been stayed pending this application to this court. The court has jurisdiction under the verdict that was rendered to sentence them as provided by law. If error was committed in the trial of the case, that error must be presented by appeal, not by habeas corpus.

In *In re McKenna*, 97 Kan. 153, 154, 154 Pac. 226, this court said:

"This court will not release, on habeas corpus, one who is held under a warrant issued on an information that does not charge any offense, before an application of any kind is presented to the court issuing the warrant. Many informations are defective and must be amended before the defendant can be properly placed on trial on the charge attempted to be set out therein, but

habeas corpus is not the means resorted to for the purpose of protecting the defendant. Subdivision 4 of section 699 of the code of civil procedure prohibits habeas corpus where the one applying for the writ is held on a warrant issued on an information. (Ex parte, Charles Phillips, 7 Kan. 48; *In re Scrafford, Petitioner, etc.,* 21 Kan. 735, 747; *In re Gray,* 64 Kan. 850, 68 Pac. 658; *In re Terry,* 71 Kan. 362, 80 Pac. 586; *In re McElroy,* 10 Kan. App. 348, 58 Pac. 677.)"

*The State v. Segermond,* 40 Kan. 107, 19 Pac. 370, is distinguished from the present case in the following particular—that was an appeal to this court to review the judgment of the trial court; here, the petitioners seek to have the judgment of the trial court reviewed by a proceeding in habeas corpus. That case is disapproved so far as it holds that the value of property taken in violation of section 3443 of the General Statutes of 1915 must be alleged.

The writ is denied.