THE TERRITORY OF KANSAS ex rel. ALFRED S. GOSS agt. M. V. CUTLER.

*Habeas Corpus: Personal Liberty: Duress: Bail: Return.*

1. The restraint of liberty, which is made the subject of inquiry by the writ of habeas corpus, is more than a mere moral restraint. It is any duress or restraint of the person whereby he is prevented from exercis-

ing the liberty of going when and where he pleases, whether it be by an officer of the law or a private individual.

2. Persons discharged on bail will not be considered as restrained of their liberty, so as to be entitled to the writ of habeas corpus directed to their bail.

3. The return of the officer to the writ of habeas corpus, showing that at the time of the service of the writ, the petitioner was not in his custody, nor restrained of his liberty by him, and also showing that, by his own voluntary act, the petitioner had answered the demands of the commitment, by virtue of which he had been in custody, by giving a bailbond, as required by law, to appear and answer to any indictment which might be found against him at the next term of the district court of the proper county, the writ was dismissed.

PETITION for Habeas Corpus to the Supreme Court.

*By the Court*—WILLIAMS, J.

On the 23d day of June, 1860, Alfred F. Goss filed his petition in the supreme court of the territory (the court being then in session at the city of Leavenworth), praying for a writ of habeas corpus. The petition sets forth the following facts: "That at the county of Leavenworth, Kansas territory, he was illegally, unlawfully and unjustly detained and restrained of his liberty by Martin V. Cutler, a constable of the said county. That he was thus restrained of his liberty under color of authority derived from a warrant of commitment, for the imprisonment of petitioner, issued by one W. H. Fox, a justice of the peace in and for the town of Delaware, in said county. That the facts concerning said arrest and detention, are as follows, viz.: On the 29th day of May, 1860, one H. D. Smith made a complaint in writing, and under oath, before

one Bucks, a justice of the peace of said county, charging petitioner with the crime of perjury, upon which a warrant was issued. That on the 20th day of June, 1860, he was arrested and taken before W. H. Fox, a justice of the peace, by whom, after examination had, he was, on the 23d day of the same month, committed to the jail of said county, in default of bail in the sum of $800. That by virtue of the commitment, issued by said justice, he was then unlawfully restrained of his liberty by said constable. That such commitment was issued under circumstances not allowed by law, there being before said justice, no evidence, upon the examination and hearing, that any crime had been committed. Whereupon the writ of habeas corpus was issued by the court, and served on the said Cutler, constable, to which the following return was made by him, to-wit: "That he had not the body of said Goss in his custody, or under his power or restraint. That before the service of the writ of habeas corpus was had upon him, he had the body of said Goss in his custody, and under his restraint, by the authority of a writ of commitment to him directed, as constable of said county of Leavenworth, which writ was issued by W. H. Fox, a justice of the peace of said county; by which writ of commitment he was commanded to commit the said Goss to the jail of said county, until he give good and satisfactory bail in the sum of eight hundred dollars, or be otherwise discharged, according to law. That while in his custody, and under his restraint, by virtue of the said writ of commitment (which is attached

hereto, and shown to this court), by virtue of the power vested in him by law, he, the said Cutler, did approve of and accept a bail-bond as offered by the said Goss (which said bail-bond is hereto attached, and shown to the court), and did thereupon, on the 23d day of June, 1860, permit the said Goss to go at liberty. And defendant further states, that, at the time of the service of said writ of habeas corpus, he had no control or authority over the body of the said Goss whatever, and has not now, and such being the case, he can not bring the body of said Goss before this court. Dated June 26th, 1860." Thereupon, the case having been called for hearing, O. B. Holman, Esq., appeared on behalf of the accused, and Thos. P. Fenlon, prosecuting attorney for the county of Leavenworth, appeared for the territory; whereupon, the attorney for Goss demurred to the return of the constable, as insufficient, in law, to prevent the due effect of a writ as issued upon the petition of the relator. Among the papers of the case, making a part of the return of the constable, was the bail-bond given by the prisoner, Goss, with security, to the constable, duly approved and conditioned for the appearance of the prisoner at the next district court of Leavenworth county, on the 2d day of August, 1860, to answer to any indictment which may be found against him for perjury, etc., bearing date June 23d, 1860. The attorney for Goss insisted upon a hearing of this case by the court, on the merits, as presented by the return of the justice, proceedings and the evidence, and also contended that in the original information, and the

commitment issued by the justice, there was no crime, known to the law, properly charged. The attorney for the prosecution contended that the return of the officer to the writ of habeas corpus, was conclusive, showing that, at the time of the issuance of the writ of habeas corpus, the prisoner was not in his custody, or in any way restrained of his liberty by him, having, by his own act, in compliance with the law, released himself by giving bond, with security for his appearance at the next district court, to answer to the charge upon which he had been arrested. That he was not in court, so as to be forthcoming for the purposes of this hearing, as required by law, and, therefore, this court could take no legal cognizance of the matter. This being substantially the state of the case, as presented here, we will proceed to announce the opinion of the court upon it.

The code of this territory, by the "Act regulating proceedings on writs of habeas corpus," in clear and definite terms, designates the condition and persons who may claim the benefit of the proceeding under this writ. The language of the act is: "*Every person committed, detained, confined* or *restrained* of his *liberty*, within this territory, for any criminal, or supposed criminal matter, under any pretense, whatever, except when, according to the provisions of this act, such person can be neither discharged or bailed, or otherwise relieved, may prosecute a writ of habeas corpus, as hereinafter provided, to inquire into the cause of such confinement or restraint." Code, sec. 1, p. 430. The second section thereof authorizes this

court to act judiciously in such cases, after prescribing the manner of proceedings under the writ, the service thereof, etc. The 19th section of the act provides : " That every officer, or other person, upon whom such writ of habeas corpus shall be duly served, shall state, on his return, plainly and unequivocally : *First.* Whether he has, or has not, the party in his custody, or under his power or restraint. *Second.* If he has the party in his custody or power, or under his restraint, he shall state the authority and true cause of such imprisonment or restraint, setting forth the same at large. *Third.* If the party be imprisoned or detained by virtue of any writ, order or warrant, or other written authority, a copy thereof shall be annexed to the return, and the original shall be produced, and exhibited, on the return of the writ, to the court or officer to whom the same is returnable. *Fourth.* If the person making the return, shall have had the party in his power or custody, or under his restraint, at any time before the service of the writ, and has transferred such custody or restraint to another, the return shall state particularly to whom, at what time, for what causes, and by what authority such transfer took place."

Here we have, in specific terms, the statutory enactment in relation to the return which is required of the person or officer to whom the writ is directed. In the most unmistakable terms, throughout, it contemplates a confinement, custody and illegal restraint of the personal liberty of the party applying for the benefit of the writ—a custody of the body—that this

is the true intent and meaning of the act, is manifest upon an examination of sections 21, 22, 25, 31, 35, 39, 43, 48 of the act, all of which clearly contemplate a *custody* of the body, and a restraint of the liberty of the person of the petitioner, and the actual bringing of his body before the court or officer of the law, by whom the writ was issued. This is the purpose of the law, and the object sought to be attained by the writ, that the person who is restrained of his liberty, may be in, and (until the matter is judicially inquired into and disposed of) subject, directly, to the powers of the judge or court, upon the decision of the court. If the imprisonment or restraint of his liberty be alleged, he may be, by the judge or court, before whom he has been brought, at once discharged in his or its presence, by the proper legal order; or, if to be let to bail, or remanded to prison, or kept in the absolute custody of the laws, the proper order therefor may be made in his presence. The law makes it the duty of the court or judge, by operation of the writ, to see that the party restrained of his liberty, is actually brought before him, or it, in person, so that he may be in the direct power of the law of the case. If such were not the absolute requirement of the law, the writ would be often insufficient. In this case the response of the constable, by whom it is alleged, in the petition, the petitioner was illegally restrained of his liberty, is made in due compliance with the requirements of law. It shows that, at the time of the service of the writ of habeas corpus, the petitioner was not in the custody or power of the respon-

dent, nor was he in any manner restrained of his liberty by him whatever, and, that previous to such service, the petitioner had voluntarily given bail to appear and answer to any indictment which might be found against him, at the next term of the district court, and thereupon he was released from custody, and all restraint of his liberty by respondent. Accompanying this return of the officer, is the above mentioned bail-bond, duly executed and approved. Here is also a state of the case, which clearly is not within the operation of the provisions of the habeas corpus act, to which it does not apply. The restraint of liberty, which, in contemplation of law, is legally made the subject of inquiry by the writ of habeas corpus, is more than a mere moral restraint. It is any duress or restraint of the person, whereby he is prevented from exercising the liberty of going where and when he pleases, whether it be by an officer of the law or a private individual. Commonwealth agt. Ridgway, 2 Ashmead, 247; Hurd on Habeas Corpus, 210; Dodge's Case, 6 Mart. Lou. Rep., 569. It always (as far as we have known) has been held, by the courts and elementary writers on the subject, that persons discharged on bail will not be considered as restrained of their liberty, so as to be entitled to the writ of habeas corpus directed to their bail. 1 Bouvier's Law Dictionary, 574; 3 Yeates' Rep., 263; 1 Serg. & R., 356. In this case the return of the respondents, unless successfully traversed in fact, is conclusive, showing, in the first place, that, at the time of the service of the writ of habeas corpus, the peti-

tioner was not in his custody, or restrained of his liberty by him, and also showing that by his own voluntary act, the petitioner had answered the demands of the commitment, by virtue of which he had been in custody, by giving a bail-bond, as required by law, to appear and answer to any indictment which might be found against him at the next term of the district court of the proper county.

ORDER.——It is ordered by this court that the writ of habeas corpus, as issued in this case, be dismissed, together with all proceedings heretofore had thereon, and that the costs of this proceeding be paid by the petitioner.