*In the matter of the Petition of* THOMAS A. SMITH, *for a Writ of Habeas Corpus.*

1. CONTEMPT—*Authority of Committing Court—Habeas Corpus.* The supreme court may, upon proceedings of *habeas corpus*, examine the judgment or order of a district court committing a party for contempt; and if, upon such examination, it appears that the district court was without authority to commit, under the particular circumstances of the case, the petitioner may be discharged.

2. JUDICIAL KNOWLEDGE—*Authority of District Court.* A district court has no authority, in the absence of a proper motion to bring the matter before the court, and without written or oral evidence, to decide upon "judicial knowledge" that a defendant is guilty of contempt in disobeying a provisional order, when such alleged disobedience occurs away from the court and beyond its powers of observation.

### Original Proceeding in Habeas Corpus.

THE material facts are stated in the opinion herein, filed September 9, 1893.

*J. W. Rose,* and *W. T. Sturtevant,* for petitioner:

In this case the court will not only inquire into the general jurisdiction of the condemning court as to person and subject-matter, but will determine whether that court has jurisdiction to render the particular judgment which it did render; in other words, whether there was a matter before the court upon which it could lawfully render judgment of contempt. *In re*

*Dill*, 32 Kas. 668; *In re Petty*, 22 id. 477; *People v. Liscomb*, 60 N. Y. 559; *Ex parte Lange*, 18 Wall. 163.

It is error to issue an attachment, warrant or order of arrest for an alleged constructive contempt without an affidavit or information containing a statement of the facts constituting the alleged contempt having first been filed with the court. *The State v. Henthorn*, 46 Kas. 613, and the numerous cases therein cited.

Upon principle, the doctrine of *The State v. Henthorn*, supra, applies to this case. The want of the complaint, affidavit or information was fatal to the jurisdiction, and the judgment of contempt utterly void. See *The State v. Blackwell*, 10 S. C. 35; *Young v. Cannon*, 2 Utah, 561.

The order of the court was not a commitment. It was a judgment which authorized the clerk of the court to issue a commitment according to law. Section 4823 of the General Statutes of 1889 provides that "All writs and orders for provisional remedies, and process of every kind, shall be issued by the clerks of the several courts upon a præcipe filed with the clerk demanding same." Section 4814, General Statutes of 1889, provides that "The style of all process shall be, 'The state of Kansas.' It shall be under the seal of the court from whence the same shall issue, shall be signed by the clerk, and dated the day it is issued."

The two sections of the statute quoted require all of these things to be done to constitute a valid commitment. None of those requirements were complied with in this case. *In re Farr*, 41 Kas. 281. There being no commitment issued to the sheriff of Pratt county, Smith should be released. *Jennings v. The State*, 13 Kas. 80, 90.

In the determination of this case, evidence introduced upon a motion in the divorce case is incompetent and immaterial, this proceeding not being in the nature of a writ of error. *In re Watson*, 30 Kas. 753; *In re Macke*, 31 id. 54; *In re Bion*, 59 Conn. 372.

*John T. Little,* attorney general, *J. M. Dumenil,* and *Thompson & Apt,* for respondent:

The petitioner had, by his acts and pleadings, waived all question as to jurisdiction over his person, and the court certainly had jurisdiction of the subject-matter. 40 Kas. 142; Brown, Jur., § 50; Rapalje, Cont., §§ 80, 155; Rice, Crim. Ev. 296; *Evans v. Iles,* 7 Ohio St. 236; 34 Kas. 340; Hawes on Parties, § 14; 26 Kas. 104; 3 id. 250, 254; 6 id. 370; 13 id. 89, 90; 32 id. 88; *Woods v. The State,* 49 id. 243. If the district court had jurisdiction at any time, this court clearly states the rule to govern in this proceeding in 5 Kas. 541.

Counsel for petitioner say the contempt, if any, " was not a contempt committed in the presence of the court." We think we have shown by the record that it was. But a contempt committed outside the jurisdiction of the court may be punished, if the party comes within the jurisdiction of the court. 1 Burr's Trial, 355; 3 Am. & Eng. Encyc. of Law, 787. See, also, 9 Am. & Eng. Encyc. of Law, 203; *United States v. Green,* 3 Mason, 482; 2 Bish. Mar. & Div., § 259.

There is nothing in the record alleging that no warrant of commitment was issued, and nothing requiring the warrant of commitment to be returned. *The People v. Baker,* 89 N. Y. 460.

In the case at bar, copies of the minutes are made a part of the petition, and also of the return, and show that the respondent is the jailer of Pratt county. ". . . The construction of commitments . . . must be liberal in support of the lawfulnesss of the exercise of the jurisdiction, when considered on returns to the writ of *habeas corpus.*" 9 Am. & Eng. Encyc. of Law, 213.

The return, not having been traversed, is to be taken as true, and if, by a liberal construction thereof, sufficient has been shown to justify the holding, the relator must be remanded.

The opinion of the court was delivered by

HORTON, C. J.: On the 24th day of January, 1893, Genorie E. Smith, the wife of the petitioner in this case, filed her petition in the district court of Pratt county, praying for a divorce from him, for the custody of their three minor children, for alimony, and that her husband be enjoined from selling or disposing of his property. At the commencement of the action, the district judge allowed Mrs. Smith $20 a month for the support of herself and children during the pendency of the action, and $50 for legal expenses. The custody of the children, Lewis C., Julia V. and Thomas N. Smith, was, at the same time, given to Mrs. Smith. On the 2d of May, 1893, Mrs. Smith filed her written motion asking that her husband be compelled to pay $200 for legal expenses, and that, in default thereof, he be committed for contempt of court. Notice of the hearing of this motion at 3 o'clock P. M. on May 2, 1893, was served upon Thomas A. Smith, the petitioner, at 2:35 o'clock P. M. of that day. Upon the hearing of the motion, the court made the following order:

"The court in this case takes 'judicial knowledge' of the fact that the defendant, Thomas A. Smith, stands in contempt of court in refusing to obey the mandate of this court, served upon him personally, and, without showing cause why he should not obey said mandate in this court, he comes into court in this case, out of which said mandate is issued, and asks for affirmative relief. It is further ordered by the court, that for said contempt he stand committed to the jail of Pratt county until he produces the children Julia V. and Thomas N. Smith in court, or purges himself of contempt by showing his inability to do so. It is further ordered by the court, that he pay into this court, within five days, the sum of $100, for the benefit of the plaintiff; and, unless he shows to the satisfaction of the court that he is unable to comply with the order of the court, his answer in this case and his depositions will be stricken from the files of this court. And it is further ordered by the court, that the plaintiff need not appear to take depositions at Winfield, in this state, on May 4, 1893."

Subsequently, and on May 15, 1893, Thomas A. Smith

filed his motion in the court to set aside the order adjudging him guilty of contempt. This was heard on the 16th day of May, 1893, and overruled.

We think the judgment for contempt and the order of committal fatally defective, because, at the time, the court acted without authority. It is true that in the original order of the 24th of January, 1893, Thomas A. Smith was prohibited from interfering with the control of the children, or either of them, but at the time of that order Smith and the children were in Illinois. This order was served upon Smith there, but it does not appear that he was directed or commanded to produce the children in court, or to deliver them, or either of them, to Mrs. Smith or any other person. The hearing on May 2, 1893, was upon the written motion of Mrs. Smith, concerning the necessary expenses incurred by her in the preparation of her action, and alleging the noncompliance of her husband with the order of the court requiring him to pay her expense money for the preparation of trial. Upon the hearing of this motion, the court seems to have taken "judicial knowledge" that Thomas A. Smith had, in some way, interfered with the custody or control of the children. That was not the matter before the court then for examination. Until the order of the 2d of May, 1893, requiring him to to produce the children in court, no such command had been issued or entered. No verified complaint, affidavit or information was filed upon which to try the petitioner for the contempt of which he was convicted. No notice was ever given him that he was to be tried for not delivering the children into court, or to Mrs. Smith, or to any other person. The court was not justified, under the circumstances of this case, in taking judicial knowledge that the petitioner had refused to allow Mrs. Smith the custody of the children, or that he had interfered away from the court with them against its order. (*In re Dill*, 32 Kas. 668; *The State v. Henthorn*, 46 id. 613; *The State v. Blackwell*, 10 S. C. 35; *Young v. Cannon*, 2 Utah, 561.)

If the court adjudges a party guilty of contempt, the clerk

of the court, in order to imprison the party, should place in the hands of the sheriff or jailer a certified copy of the judgment or order of commitment, with the seal of the court attached. (*In re Farr*, 41 Kas. 281.) The proceedings on May 16, 1893, did not cure the fatal objections in the order for contempt. The court, at that time, overruled the motion to set aside the former order of the 2d of May, 1893, and then merely directed that the petitioner be remanded until he should comply with that order. If it is desired that Thomas A. Smith shall deliver to his wife, Mrs. Smith, or to the court, or to any officer thereof, the children referred to, or any of them, such an order can be made by the court, and, after proper service thereof upon the the petitioner personally, he may be required, within a reasonable time, if he is able so to do, to comply therewith.

Upon the petition presented and the facts established upon the hearing, the petitioner must be discharged.

All the Justices concurring.