JAMES M. MASON, *as Justice of the Peace, etc.*, v. F. C. GRUBEL AND ED. GRUBEL.

No. 12,834.   ( 68 Pac. 660.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Search and Seizure—Writ of Prohibition*.  A complaint charging defendants with the unlawful selling of intoxicating liquors, and with maintaining a nuisance in violation of the prohibitory law, was filed before a justice of the peace, and a warrant issued thereon.  The defendants were arrested, but no property seized, as the warrant directed.  Pending trial, defendants brought an action in the district court against the justice of the peace and obtained a writ of prohibition enjoining him from taking jurisdiction of the case and from proceeding further with the trial.  *Held*, that the writ of prohibition was improperly granted, there being other adequate remedies provided by statute which were available to the parties.

Error from Wyandotte district court ; E. L. FISCHER, judge.   Opinion filed April 5, 1902.   *In banc.*   Reversed.

STATEMENT.

IN May, 1901, there was filed in the office of James M. Mason, a justice of the peace of Quindaro township, Wyandotte county, a verified complaint charging Frank C. Grubel and Ed. Grubel with maintaining a

place in the city of Kansas City where intoxicating liquors were sold, bartered and given away in violation of law, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage, and alleging that at the place mentioned there were kept by the said parties intoxicating liquors, bottles, glasses, kegs, pumps and other property used in maintaining such place, which was charged to be a common nuisance. A warrant was issued by the justice, conformable to the complaint, directing the officer to search the premises described and to seize and to take into his custody all intoxicating liquors found therein, also all glasses, bars, kegs and other property designated in the complaint, with a further command to arrest the said Frank and Ed. Grubel and bring them before some magistrate of Wyandotte county, to be dealt with according to law. The parties named were arrested by a constable and brought before the justice, but no property was seized. Thereon the defendants filed a motion before the justice as follows:

"Now come the defendants above named and represent that they are residents of Kansas City, Kan., and, while denying that they are guilty in manner or form as alleged in the complaint herein filed, say that the state ought not to have and prosecute this action against them herein for the reason that the said action is in part civil, and that the said justice has no jurisdiction over the subject-matter thereof nor of these defendants.

"Wherefore they ask that the said action be dismissed."

The case was then continued and the parties entered into recognizance for their appearance before the justice on June 25, at which time the motion to dismiss was overruled by him.

On June 1, 1901, the defendants in error commencd an action in the district court against James M. Mason, the justice of the peace, by filing a petition in which they prayed for an alternative writ of prohibition, restraining him from proceeding further in said criminal action under the complaint above set out. The material part of the petition is as follows :

"That the said defendant James M. Mason, as a justice of the peace, had no jurisdiction to entertain the said complaint or issue the said warrant, and that in said proceeding said James M. Mason, justice of the peace, has no jurisdiction over said plaintiffs herein who are defendants in said warrant, nor any jurisdiction over the subject-matter of said proceedings, nor power to try the defendants or either of them by virtue of said complaint and warrant.

"That the value of the property mentioned and described in said warrant exceeds $300, and that said J. M. Mason, justice of the peace as aforesaid, has no jurisdiction to hear and determine the action and proceedings relative to the forfeiture and the destruction of said property.   That the said plaintiffs are residents of Kansas City, Kansas, and that there is established in said city of Kansas City a city court.

"That there is imminent danger that the said James M. Mason, justice of the peace as aforesaid, will and he threatens to cause the said last-mentioned warrant to be executed, and to try said plaintiffs on said charge or charges mentioned in said warrant, and to cause to be broken into said building described as 546 Minnesota avenue, Kansas City, Kansas, and to take therefrom property in said warrant described, and other property, unless restrained, and that in the premises said James M. Mason has no jurisdiction or authority in law ; that he is insolvent ; that, unless restrained, he will do to these plaintiffs irreparable injury, and that they have no adequate remedy at law."

Later, an amended petition was filed, but its averments were substantially like those in the original petition, with the additional allegation that a motion to

dismiss the complaint and prosecution had been over-ruled by the justice of the peace. An alternative writ of prohibition was issued out of the district court, to which plaintiff in error made a return in accordance with the facts appearing in the record above set out, stating that the criminal prosecution was still pending before him.

On August 12, following, a trial was had and the district court adjudged that said justice of the peace "be perpetually enjoined and prohibited from proceeding further in said cause mentioned in the petition of the plaintiffs filed herein in this court." Defendant below excepted to this judgment of the court, and has come here by proceedings in error.

*Winfield Freeman.* and *F. M. McHale*, for plaintiff in error.

*Moore & Berger*, and *Nathan Cree*, for defendants in error.

The opinion of the court was delivered by

SMITH, J.: This is an attack on sections 2, 3 and 4 of chapter 232 of the Laws of 1901 (Gen. Stat. 1901, §§ 2494, 2495, 2496), commonly called the "Hurrel law." It is the contention of defendants in error that the justice of the peace had no jurisdiction to entertain the criminal proceedings against them and that the warrant issued on the complaint is void. The constutionality of the sections mentioned is vigorously assailed by counsel. We have not thought it necessary, however, in this case, to determine the constitutional questions so ably presented on behalf of the defendants in error, for the reason that they were raised below in an extraordinary proceeding when other adequate and familiar remedies might have been resorted to, amply sufficient to accomplish all the purposes for

which this action was prosecuted. The suit is based on the following statute :

"There shall be in each county organized for judicial purposes a district court, which shall be a court of record, and shall have general original jurisdiction of all matters, both civil and criminal (not otherwise provided by law), and jurisdiction in cases of appeal and error from all inferior courts and tribunals, *and shall have a general supervision and control of all such inferior courts and tribunals, to prevent and correct errors and abuses.*" (Gen. Stat. 1901, § 1923.)

The remedy invoked in the district court finds no sanction in our practice except in the words we have italicized in the above section of the statute. For the correction of errors committed by the justice of the peace in the trial of the cause, there is complete relief afforded by appeal or proceedings in error. What abuses of judicial power may be corrected by the writ of prohibition, it is not now necessary to decide. It is sufficient to say that the record before us does not present a case which calls for interference in this extraordinary manner. In several states statutes like ours, above set out, which confer jurisdiction on superior courts to correct errors and abuses of inferior tribunals, conclude with the words, "where no other remedy is expressly provided by law." This condition is implied, however, when omitted. Massachusetts has such a provision in its laws, and, in addition, writs of prohibition are expressly authorized to be granted by that name. In *Washburn v. Phillips and others*, 2 Metc. 296, 298, Chief Justice Shaw, delivering the opinion, said :

"Whilst, therefore, it thus appears that the power of the court is ample to issue writs of prohibition, upon proper and necessary occasions, yet, like the other prerogative writs with which it is associated, it is to be used with great caution and forbearance, for the furtherance of justice, and for securing order and

regularity in all the tribunals, when there is no other regular and ordinary remedy."

The statutes of the United States confer power on the supreme court to issue writs of prohibition to the district courts when proceeding as courts of admiralty. In *In re Cooper*, 143 U. S. 472–495, 12 Sup. Ct. 453, 458, 36 L. Ed. 232, it was said:

"Whether the granting or refusal of the writ is discretionary or demandable of right has been much debated.

"As remarked by Mr. Justice Gray in *Smith v. Whitney*, 116 U. S. 167, 173, 6 Sup. Ct. 570, 573, it may be said to be discretionary, 'where there is another legal remedy, by appeal or otherwise, or where the question of the jurisdiction of the court whose action is sought to be prohibited is doubtful, or depends on facts which are not made matter of record, or where a stranger, as he may in England, applies for the writ of prohibition. But where that court has clearly no jurisdiction of the suit or prosecution instituted before it, and the defendant therein has objected to its jurisdiction at the outset, and has no other remedy, he is entitled to a writ of prohibition as a matter of right; and a refusal to grant it, where all the proceedings appear of record, may be reviewed on error.'"

In *Mastin v. Sloan*, 98 Mo. 252, 253, 11 S. W. 558, it was said:

"Any error that court may make in determining the proper limits of its jurisdiction in the premises can be effectively corrected by any of the usual modes of reviewing judgments. The writ of prohibition should issue only in circumstances where the ordinary remedies are inadequate to the ends of justice. Where, as here, an appeal or writ of error furnishes a complete and effective remedy for any error of the court below, prejudicial to the rights of a party, this extraordinary remedy should be denied."

See, also, *State, ex rel. Reed, v. Jones*, 2 Wash. 662, 27 Pac. 452, 26 Am. St. Rep. 897; *Walcott v. Wells*, 21 Nev.

47, 24 Pac. 367, 37 Am. St. Rep. 478 ; 16 Encycl. Pl. &
Pr. 1109, 1110 ; *State v. Municipal Court of St. Paul*, 26
Minn. 162, 2 N. W. 166 ; Spell. Inj. & Extr. Rem.
§ 1729 and note 1 ; Bouvier, title Prohibition ; *In re
Gray*, post, p. 850, 68 Pac. 658.

Mandamus, being one of the extraordinary remedies,
cannot be resorted to whenever there is another ap-
propriate remedy. ( *The State, ex rel. Ayers, v. Stockwell*,
7 Kan. 98 ; *Elsbree, Relator, v. Bridgman*, 8 id. 458.)

It cannot be said that lack of jurisdiction in the
justice's court is apparent.    It has not been made clear
to us, after two arguments of this cause and from the
elaborate briefs filed.    A justice of the peace is an of-
ficer created by the constitution, and it has been held
that he has the same right to judge of the constitution-
ality of a law as any other court. (*Mayberry and others
v. Kelley*, 1 Kan. 116.)    The defendants in error can
lose no rights by proceeding in a regular and ordinary
manner to have such rights determined.    The follow-
ing language of the court in *Asbell v. The State*, 62
Kan. 209, 212, 61 Pac. 690, where the right to a writ of
*coram nobis* was considered, is pertinent here :

"But to give this remedy the scope claimed in behalf
of the petitioner would be to substitute a somewhat
obsolete writ for a simple and summary procedure
specifically provided by statute.    Our code provides
how errors may be corrected in the courts in which
they occur, and to the extent that provision is so made
it is necessarily exclusive of the common-law writs
and procedure.    This writ, instead of superseding the
statutory provisions, is only employed in aid of them,
or where the statute fails to afford a remedy."

The judgment of the district court will be reversed,
with directions to enter judgment for the defendant
below.

All the Justices concurring.