---

## *In re* A. L. GRAY.

**No. 12,964.** (68 Pac. 658.)

### SYLLABUS BY THE COURT.

CONSTITUTIONAL LAW— *City Ordinance—Habeas Corpus.* By the provisions of section 671 (Gen. Stat. 1901, § 5167) of the code, courts and judges of this state are without power to inquire into the constitutionality of a city ordinance upon the application of one arrested for a violation of such ordinance who, in default of recognizance, is committed to the city jail to await a speedy trial for the offense charged.

Original proceeding in *habeas corpus.* Opinion filed April 5, 1902. *In banc.* Application denied.

*G. C. Clemens,* and *Joseph Reed,* for petitioner.

*Charles F. Spencer,* city attorney, and *Garver & Larimer,* for respondent.

The opinion of the court was delivered by

POLLOCK, J. : The petitioner was arrested December 24, 1901, upon complaint filed in the police court of the city of Topeka, charging the violation of an ordi-

nance entitled "An ordinance to prohibit the sale of intoxicating liquors, and to prohibit and suppress the keeping of places where intoxicating liquors are sold or used, except for lawful purposes." The hearing was continued to December 27, the petitioner required to enter into a recognizance in the sum of $500 for his appearance at such hearing, and, in default of such recognizance, was committed to the city jail. Thereupon, he filed his petition in this court for a writ of *habeas corpus*. The city marshal has made return upon the writ, showing the grounds of his detention.

The object sought by this proceeding is to obtain, in advance, a decision of this court upon the constitutionality of the ordinance under which the arrest was made. It is the policy of courts, sanctioned by long usage and proper practice, to refuse to consider and determine the constitutionality of a law unless such consideration and determination are necessary to a proper decision of the case in the due and orderly course of administration of justice. While the writ applied for in this case is highly privileged, and what is known in the law as a writ of right, there are certain restrictions and limitations upon its exercise beyond which courts may not go. A judge of the probate court or a judge of the district court has equal authority with this court in the granting of it. While confiding the exercise of the power to issue this writ to so many hands, the legislature has wisely restricted the use of the power, and in so restricting it has established bounds which no court or judge may overstep. It has designated certain cases in which the power to issue the writ does not exist. This limitation of power is found in section 671 of the code (Gen. Stat. 1901, §5167), which reads:

"No court or judge shall inquire into the legality

*In re* Gray.

of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following : First, upon process issued by any court or judge of the United States, or where such court or judge has exclusive jurisdiction ; or, second, upon any process issued on any final judgment of a court of competent jurisdiction ; or, third, for any contempt of any court, officer, or body having authority to commit ; but an order of commitment as for a contempt, upon proceedings to enforce the remedy of a party, is not included in any of the foregoing specifications ; fourth, *upon a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information.*"

It is true, as contended by counsel for petitioner in this case, that the petitioner is not restrained of his liberty upon a commitment issued from any court upon an *indictment or information*, but he is restrained of his liberty upon a commitment in due form issued from a court of competent and exclusive jurisdiction, upon a *complaint*, which, in that court, corresponds to and takes the place of an indictment or information in the district court.   It contains the charge upon which the defendant may be tried and judgment rendered.   The term of this commitment had not expired at the date of the issuance of the writ.   Hence, the case falls within the very spirit, if not the exact letter, of the law.   (*Ex parte A. C. Bowler*, 16 Mo. App. 14.)   This court had occasion to construe the above statutory provision in *Ex parte Phillips*, 7 Kan. 48, as follows :

"The supreme court has no greater power than the district court and probate court to inquire into the regularity of proceedings upon which a person is restrained of his liberty ; and no court can inquire into the 'legality of a warrant or commitment' issued from any court of competent jurisdiction upon an indictment or information, before final trial and judgment."

In the opinion Mr. Justice Brewer said :

"It is not every improper, illegal restraint of liberty that can be inquired into on *habeas corpus*. The limits beyond which no court can go are fixed by statute. Section 671 of our civil·code.reads thus : 'No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him, when the term of commitment has not expired, in either of the cases following : . . . Fourth. Upon a warrant or commitment issued from the district court, or any other court of competent jurisdiction, upon an indictment or information.' The plain import of this language forbids an inquiry ( at this time ) into the alleged errors in the proceedings of the district court. An information was filed ; it still remains ; no verdict or judgment was ever returned or rendered thereon. If the discharge of the jury has the effect claimed by counsel for petitioner, (and upon that point we express no opinion,) it can be shown upon the trial of the case. If the judgment of the district court upon this point, and the result of the trial, shall be adverse to the petitioner, he can then present the question regularly to this court on appeal."

The doctrine of that case was expressly reaffirmed and made the basis of decision in *In re Scrafford, Petitioner*, &c., 21 Kan. 735. See, also, *Mason v. Grubel*, ante, p. 835, 68 Pac. 660. It was referred to with approval in *In re Rolfs, Petitioner*, 30 Kan. 758, 1 Pac. 523, and many other cases. The second clause of the above statute was construed by this court in *Ex Parte Nye*, 8 Kan. 99, and *In re Goldsmith, Petitioner*, &c., 24 Kan. 757. The grounds of the decision in the Phillips case were stated by this court in *In re Dill, Petitioner*, 32 Kan. 668, 5 Pac. 39, 49 Am. Rep. 505, and in that case were neither overruled nor their authority denied.

While this court has in subsequent cases entertained the application for a writ of *habeas corpus* filed for the

purpose of testing the constitutionality of city ordi-
nances and legislative acts ( *In re* Ashby, 60 Kan. 101,
55 Pac. 336; *In re Page*; 60 id. 842, 58 Pac. 478; *In
re Chipchase, Petitioner*, 56 id. 357, 43 Pac. 264), yet
an examination of these cases will disclose the fact
that the question here presented was neither raised
nor determined therein.

The courts of other states, with statutes unlike ours,
are in a state of hopeless confusion upon this question.
Even great contrariety of opinion exists among mem-
bers of the same court, as will be seen by an examina-
tion of *Ex parte Lucas*, 160 Mo. 218, 61 S. W. 218;
note to *Hovey v. Elliott et al.*, 145 N. Y. 126, 39 N. E.
841, found in 39 L. R. A. 449. However, with the
decisions of other courts upon the general principles
there involved, in the absence of similar statutory
provisions, we have but little concern. The law-
making power of this state has spoken in emphatic
language. This language must be obeyed. The rea-
son for the limitation placed upon the power to issue
this writ, if reason need to be sought, is apparent in
this case. The court of exclusive original jurisdic-
tion was proceeding with dispatch in the usual and or-
dinary course by law provided to give the petitioner a
speedy trial. If, as he contends, the ordinance under
which he was arrested is unconstitutional and void,
it will be presumed that the court wherein his case
was pending will so hold, and should the court err in
its ruling the petitioner has his right of appeal for the
correction of errors until this court is reached. It was
said by Mr. Justice Curtis, in his dissenting opinion
in *Ex parte William Wells*, 59 U. S. 307, 15 L. Ed. 421:

"This great remedial writ of *habeas corpus*, so effi-
cacious and prompt in its action, and so justly valued
in our country, may become an instrument to unsettle

the nicely adjusted lines of jurisdiction, and produce conflict and disorder. If the true sphere of its action and the precise limits of the power to issue it should become in any degree confused or indistinct, serious consequences may follow—consequences not only affecting the efficient administration of the criminal laws of the United States, but the harmonious action of the divided sovereignties by which our country is governed. For these reasons, though sensible of the bias which, I suppose, every one has in favor of this process, I have heretofore felt, and now feel, constrained to examine with care the question of our jurisdiction to issue it; and being of opinion that this court has not power to inquire into the validity of the cause of commitment stated in this petition, I think it should be dismissed for that reason."

By an adherence to the construction of the statute made by this court in the Phillips case, the correctness of which construction there is no room to doubt, we preserve due order in our courts in the administration of our criminal laws. It follows that the application for the discharge of the petitioner must be denied.

All the Justicss concurring.