*In re* GEORGE SILLS, *Petitioner.*

No. 17,500.

SYLLABUS BY THE COURT.

HABEAS CORPUS—*Discharge of Party to Pending Criminal Action.* A party to a criminal action pending in a court of competent jurisdiction is not entitled to a discharge on habeas corpus before final trial and judgment on the ground that the complaint is based upon an unconstitutional statute, although a motion to quash the complaint on the ground stated has been denied.

Original proceeding in habeas corpus. Opinion filed April 8, 1911. Dismissed.

*Charles C. Calkin,* for the petitioner.

*S. S. Alexander,* county attorney, for the respondent; *John H. Connaughton,* of counsel.

The opinion of the court was delivered by

BURCH, J.: A complaint was filed before a probate judge, as judge of the juvenile court, charging the petitioner with causing and contributing to the delinquency of a female child under the age of sixteen years. (Laws 1907, ch. 177, § 1, Gen. Stat. 1909, § 5114.) A warrant was duly issued to the sheriff, who took the petitioner into custody and brought him before the court on January 11, 1911. The petitioner furnished bail, was discharged from custody, and the hearing was continued to January 23. On that day a motion was made to quash the complaint, on the ground that the statute under which the proceeding was commenced is unconstitutional. The motion was denied and the cause was again continued. It is still pending and undetermined. Under these circumstances the proceeding here is virtually an appeal from an order denying a motion to quash pending the trial. The writ of habeas corpus is not designed to perform any such function. The petitioner should first exhaust his or-

dinary remedies. Although the court has held the statute to be constitutional on a motion to quash, the ruling is not final, and it will not be assumed that ultimately an unwarranted judgment will be pronounced.

Section 699 of the present code of civil procedure (former code, § 671, Gen. Stat. 1901, § 5167) provides as follows:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: . . . Fourth, upon a warrant or commitment issued from the district court or any other court of competent jurisdiction upon an indictment or information."

In the case of *In re Gray,* 64 Kan. 850, it was held that a commitment issued from a court of competent jurisdiction, upon a complaint which in that court corresponds to an indictment or information, is within the statute. The syllabus reads as follows:

"By the provisions of section 671 (Gen. Stat. 1901, § 5167) of the code, courts and judges of this state are without power to inquire into the constitutionality of a city ordinance upon the application of one arrested for a violation of such ordinance who, in default of recognizance, is committed to the city jail to await a speedy trial for the offense charged."

In the opinion it was said:

"The lawmaking power of this state has spoken in emphatic language. This language must be obeyed. The reason for the limitation placed upon the power to issue this writ, if reason need to be sought, is apparent in this case. The court of exclusive original jurisdiction was proceeding with dispatch in the usual and ordinary course by law provided to give the petitioner a speedy trial. If, as he contends, the ordinance under which he was arrested is unconstitutional and void, it will be presumed that the court wherein his case was pending will so hold, and should the court err in its ruling the petitioner has his right of appeal for the correction of errors until this court is reached." (p. 854.)

(See, also, *In re Terry*, 71 Kan. 362.)

The uncontradicted return to the writ shows that the petitioner has not been in the sheriff's custody since he gave bond for his appearance. Indeed, he does not appear to be under any restraint except a moral restraint, from which he can not be relieved by habeas corpus. (*The Territory, ex rel., v. Cutler,* McCahon, 152, 1 Kan. [Dass. ed.] 565.) Therefore the proceeding is dismissed at the cost of the petitioner.