No. 20,484.

*In re* NINA WILL, *Petitioner.*

SYLLABUS BY THE COURT.

HABEAS CORPUS—*City Ordinance—Case Pending—Jurisdiction in Habeas Corpus.* Rule followed that the supreme court will not interfere with the orderly jurisdiction of an inferior court by summary discharge of a petitioner on habeas corpus, when the petitioner's cause is still pending and undetermined in such lower court, and where all the objections to the validity of the proceedings being taken against the petitioner can still be urged before the court whose process has deprived her of her liberty. (Civ. Code, § 699; *In re Gray*, 64 Kan. 850, 68 Pac. 658.)

Original proceeding in habeas corpus. Opinion filed March 11, 1916. Writ denied.

*David Ritchie,* and *G. A. Spencer,* both of Salina, for the petitioner.

*W. B. Crowther,* of Salina, for the respondent.

The opinion of the court was delivered by

DAWSON, J.: The petitioner has invoked the original jurisdiction of this court under a writ of habeas corpus, in which she seeks her liberty. She was arrested by the chief of police of the city of Salina on a warrant issued by the police court of that

*In re* Will.

city, in which it is recited, with appropriate preliminaries, that "on or about the 25th day of November, A. D. 1915, at the city of Salina, county of Saline and state of Kansas [Nina Will] did then and there unlawfully transport, carry and haul spirituous, vinous, fermented and malt liquor upon the streets, avenues and alleys of the city of Salina, Kansas, contrary to ordinance No. 1879 in such cases made and provided."

The ordinance reads, in part, as follows:

"SECTION 1. Be it ordained that it is unlawful for any person, individual, company or corporation to transport or carry any spirituous, vinous, fermented or malt liquor or any imitation thereof upon the public streets, avenues and alleys of said City of Salina, or to haul the same upon said streets, avenues or alleys."

Section 2 provides punishment for the violation of the ordinance; and section 3 exempts interstate commerce from interference under it.

In the brief for petitioner many objections are made to the ordinance. It is argued, in substance, that it is against common right and unconstitutional and void; that the city has no power to enact such an ordinance; that the hauling of liquors on the street is neither *malum in se* nor *malum prohibitum.*

In some peculiar cases persons restrained of their liberty have been permitted to "cut across lots" for the purpose of securing a summary discharge through writs of habeas corpus. (*In re Dill, Petitioner,* 32 Kan. 668, 691, 5 Pac. 39; *In re Neagle,* 135 U. S. 1; 21 Cyc. 287, Note, 25.)

After conviction under a void statute or ordinance, and when the time to appeal has expired, a discharge by writ of habeas corpus may be secured, for in such case it is the only remedy. (*In re Jarvis,* 66 Kan. 329, 71 Pac. 576.) So, also, where the judgment is void. (*In re Smith, Petitioner,* 52 Kan. 13, 33 Pac. 957; *In re Norton,* 64 Kan. 842, 68 Pac. 639; *In re Spaulding,* 75 Kan. 163, 164, 88 Pac. 547.)

But many years ago this court decided, after full consideration, that where the case in the lower court had not been disposed of, and where the regularly established procedure was still available to the party seeking redress, the orderly jurisdiction of the lower court which issued the warrant and the ordinary procedure for trial and appeal should not be interfered with through writs of habeas corpus out of this court.

In the case of *In re Gray,* 64 Kan. 850, 68 Pac. 658, it was held that the courts and judges of this state are without power to inquire into the constitutionality of a city ordinance upon the application of one arrested for a violation of such ordinance who, in default of recognizance, is committed to the city jail to await a speedy trial for the offense charged.

In the case of *In re Terry,* 71 Kan. 362, 80 Pac. 586, it was held that habeas corpus will not lie to inquire into the legality of a warrant or commitment issued from a court of competent jurisdiction before final trial and judgment.

In the case of *In re Sills,* 84 Kan. 660, 114 Pac. 856, it was held that a party to a criminal action pending in a court of competent jurisdiction is not entitled to a discharge on habeas corpus before final trial and judgment on the ground that the complaint is based upon an unconstitutional statute, although a motion to quash the complaint on the ground stated has been denied.

In the very recent case of *In re McKenna,* ante, p. 153, 154 Pac. 226, Mr. Justice Marshall said:

"This court will not release, on habeas corpus, one who is held under a warrant issued on an information that does not charge any offense, before an application of any kind is presented to the court issuing the warrant. Many informations are defective and must be amended before the defendant can be properly placed on trial on the charge attempted to be set out therein, but habeas corpus is not the means resorted to for the purpose of protecting the defendant. Subdivision 4 of section 699 of the code of civil procedure prohibits habeas corpus where the one applying for the writ is held on a warrant issued on an information." (p. 154.)

No refinement of reasoning would justify a distinction between a warrant based on an information and a warrant based on a complaint.

We do not think it proper at this time to determine the validity of the ordinance.

The application is denied and the petitioner is remanded.