No. 20,302.

*In re* CLAY MILLER, *Petitioner.*

SYLLABUS BY THE COURT.

1. HABEAS CORPUS — *Arrest Under City Ordinance* — *Case Pending* — *Habeas Corpus Not the Proper Remedy.* The purposes for which the writ of habeas corpus may be issued and the methods of obtaining the remedy may be regulated to some extent by statute, and under our statutory provision regulating the use of the writ it will be denied to one who has been arrested and is held for trial upon a complaint in a court of competent jurisdiction where the ordinary remedies are available to him and where the questions as to the validity of an ordinance and the legality of his arrest may be promptly determined.

2. SAME—*Arrested on View—Written Complaint Filed.* The statutory restriction to the effect that the writ shall not be issued when the person has been arrested and is held upon a warrant or commitment issued from a court of competent jurisdiction upon an indictment or information applies to a case where the person was arrested while engaged in the commission of an alleged offense and where a written complaint is promptly filed in the court as the statute authorizing such an arrest provides.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed April 8, 1916. Reversed.

*T. A. Pollock,* of Kansas City, *R. J. Ingraham,* and *L. E. Durham,* both of Kansas City, Mo., for the petitioner.

*R. J. Higgins,* and *W. H. McCamish,* both of Kansas City, for the respondent.

The opinion of the court was delivered by

JOHNSTON, C. J.: On December 8, 1913, Clay Miller was arrested on view by W. W. Gordon, chief of police of Kansas City, Kan., while the former was driving a beer wagon containing several cases of beer along one of the streets of that city, and taken to the city hall, where, in the absence of the police judge, Gordon fixed Miller's bond at $500, and then allowed him to go to communicate with his counsel. About three hours later he was released from Gordon's custody upon a writ of habeas corpus issued by the probate court. Gordon ar-

rested Miller on the ground that he was violating an ordinance of Kansas City, Kan., providing that it was unlawful for a person to drive a wagon along any of its streets, loaded with intoxicating liquor, or which bore the name of any person, firm, or corporation engaged in the liquor business, and declaring the wagon and its cargo and the horses drawing it public nuisances. The ordinance does not apply to persons who personally bring into the city liquors purchased outside the state, or receive liquors so purchased brought to them by a common carrier. The next day Gordon swore to a complaint charging Miller with violation of the ordinance, and a warrant was issued thereon, but he had been already deleased upon the writ of habeas corpus.

The contention of Miller was and is that the ordinance for the violation of which he was arrested is invalid, that the police court, before which he was taken, had no authority to render any judgment against him, and that he was not held under any complaint or process when this proceeding was begun. The respondent made a return stating that Miller was engaged in assisting to make and in making sales of intoxicating liquors in the city in violation of certain ordinances of the city and that a written complaint had been filed by him specifically charging the offenses, and that the case had been set down for trial in the police court of the city. In the petitioner's reply to the return he alleged that he was engaged in transporting beer from Missouri into Kansas, but that the beer was in original packages, and that he was delivering them to consumers who had previously given written orders for beer, and had purchased it for their personal use. He further alleged that he was not transporting or selling beer to persons who had not ordered it, nor in any other manner except as above stated, and further, that the city had no authority to prohibit or punish his acts in carrying and delivering beer as aforesaid, and that he was not selling or delivering it in a way that would subject him to prosecution and punishment under any law. A motion to quash his reply was overruled by the probate court and the petitioner discharged. An appeal was taken to the district court where a decision in favor of the petitioner was given, and from that judgment respondent appeals.

*In re* Miller.

It is contended by the respondent that the case was standing for trial in a court of competent jurisdiction where any and all questions as to whether he was transporting and selling intoxicating liquors contrary. to law, and also as to the validity and scope of the city ordinances, may be determined.  Courts of record have jurisdiction in cases of habeas corpus to inquire into alleged unlawful restraints, but the purposes for which the writ may be issued and the methods of obtaining the remedy are to quite an extent regulated by statute.  Our statute provides:

"No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: . . . *Fourth*, upon a warrant or commitment issued from the district court or any other court of competent jurisdiction upon an indictment or information."  (Civ. Code, § 699.)

The courts will look into an application far enough to ascertain whether the remedy is available under the prescribed limitation or whether the relief sought may be speedily obtained in the court from which the process has issued.  This statutory regulation of the exercise of the power to issue the writ of habeas corpus has been frequently applied.  It has been held that the writ would not issue for the release of one arrested for the violation of a city ordinance where the validity of the ordinance and the legality of the arrest could be promptly determined, in the court from which the warrant issued.  The decision was that the police court, which had full authority and was ready to proceed to a determination of the question, was a court of competent jurisdiction within the meaning of the statute, and that as the ordinary remedy was available and all the questions raised by the petitioner might be determined in that court it was unnecessary to shift the inquiry into another court of competent jurisdiction for the determination of the same questions.  (*In re Gray*, 64 Kan. 850, 68 Pac. 658.)  It can not be assumed that the court which issued the warrant will not decide all questions of power and jurisdiction correctly, nor is there any reason why these questions may not be as speedily determined in the ordinary way without resorting to habeas corpus.  In all such cases the restriction of the statute governs.  Exceptional cases may arise

where the ordinary remedies are wholly inadequate and in such cases the writ may be issued. An instance of this kind is found in the case of *In re Jarvis*, 66 Kan. 329, 71 Pac. 576. There the petitioner had been convicted under a statute which he insisted was invalid. The time for an appeal from the judgment had passed and none of the ordinary remedies was open to him, and it was therefore held that the writ of habeas corpus might issue. The writ has been issued and relief has been given in cases where a judgment of conviction is final and absolutely void. (*In re Smith, Petitioner*, 52 Kan. 13, 33 Pac. 957; *In re Norton*, 64 Kan. 842, 68 Pac. 639; *In re Spaulding*, 75 Kan. 163, 88 Pac. 547.) Other instances of an exceptional character may arise which will warrant a release of a prisoner upon habeas corpus, but the present case falls fairly within a number of cases where the court has declined to inquire into the legality of a commitment issued from a court of competent jurisdiction before trial has been had upon a complaint or information. (*In re Terry*, 71 Kan. 362, 80 Pac. 586; *In re Sills*, 84 Kan. 660, 114 Pac. 856; *In re McKenna*, ante, p. 153, 154 Pac. 226; 21 Cyc. 287.) A case very similar to this one was determined by the court a few days ago. There the petitioner had been arrested by the chief of police for the violation of a city ordinance which it was alleged the city had no power to enact. Before trial was had he applied to this court for a writ of habeas corpus, insisting that the lower court had no authority to render a judgment against him and that therefore the restraint was illegal. It was held that as the ordinary remedy and the regularly established procedure were available to him, where all the objections to the validity of the complaint and arrest might be presented and determined, the writ of habeas corpus would not be issued. In that decision the rule was well stated, the cases carefully reviewed and the restriction of the statute upheld. (*In re Will*, ante, p. 600, 155 Pac. 934.)

It is further contended that the statutory restriction does not apply since the petitioner was arrested upon view and when no complaint had yet been filed against him. A complaint was filed shortly after the arrest was made but not until the writ herein had been issued. An arrest upon view and upon the oral charge of the officer was authorized by law.

(Gen. Stat. 1909, § 982.)   Complaint was promptly filed as the statute requires, and it was set forth in the return made by the officer.   To that return the petitioner replied, and upon the issues so formed the case was tried.   The oral charge that the petitioner was engaged in the commission of an offense when the arrest was made served the purpose of a complaint for the time being, and the complaint was subsequently reduced to writing and filed as the statute provides.   So made, it met the requirements of the law and fairly comes within the statutory provision that the writ is not available where one has been committed for and is awaiting trial upon an information.

The judgment will be reversed and the case remanded with the direction that the application for the writ be denied.