No. 23,012.

*In re* ARTHUR OWEN, *Petitioner.*

SYLLABUS BY THE COURT.

HABEAS CORPUS—*Petitioner's Case ,Still Per.ding and Undetermined—* *—Writ Denied.* Rule followed that the supreme court will not interfere with the orderly jurisdiction of an inferior court by summary discharge of a petitioner on habeas corpus, when the petitioner's cause is still pending and undetermined in such lower court, and where all the objections to the validity of the proceedings being taken against the petitioner can still be urged before the court whose process has deprived him of his liberty, and where all adverse rulings of the trial court can be reviewed and, if erroneous, corrected by appeal.

Original proceeding in habeas corpus. Opinion filed November 12, 1921. Writ denied.

*W. W. Harvey,* of Ashland, for the petitioner.

*Richard J. Hopkins,* attorney-general, and *J. B. Hayes,* county attorney, for the respondent.

The opinion of the court was delivered by

DAWSON, J.: The petitioner, Arthur Owen, makes this application for a writ of habeas corpus and prays that he be set at liberty from the custody of the sheriff of Clark county.

From the application for the writ, and from the sheriff's return thereto, and from an agreed statement of facts signed by counsel for the petitioner and the county attorney, it ap-

pears that through false and fraudulent representations Owen obtained a bank credit from Lot Ravenscraft, a banker of Sitka, Clark county, Kansas, in the sum of $23,000. Owen falsely represented to Ravenscraft that he owned 400 head of cattle which were on Owen's ranch in Oklahoma, and he solicited a loan of $23,000 thereon. Ravenscraft made the loan and took a mortgage on Owen's cattle. Owen gave the numbers, classes and description of the cattle which he pretended to own and keep on his Oklahoma ranch. He executed a note to Ravenscraft for $23,000 payable in 180 days, and likewise signed and executed the mortgage to him. It was part of the negotiations between Ravenscraft and Owen, that the sum loaned should be deposited in Ravenscraft's bank in Sitka, and that $18,000 of this deposit should only be drawn out by Owen through the State Bank of Laverne, Oklahoma, for the purpose of paying off loans on Owen's cattle, and the balance, $5,000, should remain in Ravenscraft's bank subject to Owen's check. .

These negotiations were arranged and consummated in Clark county, Kansas.

Part of the agreed statement of facts recites:

"5. For several years Owen had carried a general checking account at the Laverne State Bank. On June 10th, a Customer's Draft was drawn under his direction by the assistant cashier of said bank, on the Sitka State Bank, at Sitka, Kansas, for $18,000.00. This draft was cashed by Owen at the Laverne State Bank on said date and he was given credit for the full amount thereof on his general account at the Laverne State Bank and given a deposit slip therefor. .. . . On June 13th, another Customer's Draft was drawn by Owen on the Sitka State Bank, for $5,000.00. This draft was cashed by Owen at the Laverne State Bank on said date and he was given credit for the full amount thereof on his general account at the Laverne State Bank and given a deposit slip therefor. . . .

"6. About September 1st, 1918, Ravenscraft inspected the Owen cattle on his ranch near Laverne and found only about 140 head, and also found other facts which convinced him that Owen had only about 140 head of cattle at the time Owen made the mortgage to Ravenscraft at Sitka, Kansas, June 8th, instead of the number shown by the mortgage."

Soon after the discovery of Owen's wrongdoing, Ravenscraft caused him to be arrested in Oklahoma, on a charge of having obtained $23,000, in Harper county, Oklahoma, by false representations and pretenses concerning the number

of cattle owned by him at the time he executed the mortgage
to Ravenscraft in Clark county, Kansas.  Owen was arrested
and the local court bound him over to answer to the district
court of Harper county, Oklahoma, on this charge—a felony
in that state.  Later Owen was tried and convicted, and sen-
tenced to 90 days in jail and to pay a fine of $1,000.  During
his trial in Oklahoma, defendant raised the question of juris-
diction, but the trial court ruled that it had jurisdiction be-
cause "of the showing that the money was obtained in Okla-
homa."  Thereupon, Owen appealed to the court of criminal
appeals of Oklahoma where the cause, presumably, is now
pending.

After the conviction and sentence of Owen in Harper county,
Oklahoma, and his appeal from that judgment, Ravenscraft
filed a complaint against Owen before a justice of the peace
of Clark county, Kansas, charging him with the offense of
obtaining $23,000 from Ravenscraft in Clark county, Kansas,
by false representations concerning the number of cattle which
he owned at the time he executed the mortgage to Ravenscraft,
at Sitka, in Clark county.  Owen was arrested and waived his
preliminary examination and was bound over for trial in the
district court of Clark county, Kansas.  He entered into a
recognizance for his appearance at the next term of the dis-
trict court.  An information was filed by the county attorney
charging him with the crime above narrated.  Owen filed a
motion to quash the information.  This was overruled by the
district court.  Thereafter, on arraignment, he pleaded not
guilty, and the defendant was ordered to appear on May 23,
1920, "for further proceedings herein."

After these proceedings above narrated transpired in the
district court of Clark county, Kansas, Owen was surrendered
by his bondsmen to the sheriff, and he was in the custody of
the latter at the time, May 20, 1920, when this application for
a writ of habeas corpus was filed in this court.

The parties have also stipulated, as a part of the agreed
facts, that certain provisions of Oklahoma law, more or less
pertinent hereto, provide:

"Sec. 5618 Revised Laws of Oklahoma, 1910, . . . 'When an act
charged as a public offense is within the jurisdiction of another territory,
county or state, as well as this state, a conviction or acquittal thereof in
the former is a bar to a prosecution therefor in this state.'  (Agreed to
for no other purpose than the same is the law of Oklahoma.)

*In re* Owen.

"Sec. 21, Article II, constitution of . . . Oklahoma, . . . 'Nor shall any person be twice put in jeopardy of life or liberty for the same offense.' "

The petitioner seeks in this proceeding to test the right of the Kansas court to try Owen at this time and under the facts shown. He contends that the crime was committed in Oklahoma because although the false pretenses were made in Kansas and the bank credit was obtained in Kansas and the deposit to Owen's credit on the strength of these false pretenses was made in a Kansas bank, yet the money, the actual cash, never reached Owen's hands in Kansas. He also contends that the judicial finding by the Oklahoma court that the crime was committed in Oklahoma is entitled to full faith and credit under the Federal constitution. (Art. IV, § 1.) It is also urged on his behalf that by the constitutions of both Oklahoma and Kansas the petitioner cannot be put in jeopardy twice for the same offense; and his prosecution in Clark county is in breach of that comity due between states.

These contentions present some nice questions which would be an interesting task to pursue and determine. But under well established rules and precedents they cannot now be considered. This is not an appeal from the rulings of the trial court, on an assignment of errors. It is an application for a writ of habeas corpus which, if granted, would interrupt and interfere with the orderly and regular procedure for the administration of justice in a criminal cause now pending and undetermined in the district court of Clark county, Kansas. This court does not issue writs of habeas corpus in such a situation.

In the case of *In re Will,* 97 Kan. 600, 155 Pac. 934, where a writ of habeas corpus was sought to secure the discharge of a petitioner who was held on a police court warrant charging her with the violation of a city ordinance which was alleged to be void, this court said:

"But many years ago this court decided, after full consideration, that where the case in the lower court had not been disposed of, and where the regularly established procedure was still available to the party seeking redress, the orderly jurisdiction of the lower court which issued the warrant and the ordinary procedure for trial and appeal should not be interfered with through writs of habeas corpus out of this court." (p. 601.)

(See, also, *In re Miller,* 97 Kan. 809, 156 Pac. 783.)

The application for the writ is denied.